CAIN<br><i>vs</i><br>CAIN <i>et al.</i>

---

## Cain *vs* Cain *et al.*

### ERROR TO THE NELSON CIRCUIT.

#### *New trial.  Affidavit.  Jurors.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

EJECTMENT.<br><br>*Case* 69.<br><br><br>*April* 27.

WHATEVER this Court might think, as to the preponderance of evidence, upon the question whether the conveyance to *John Cain*, by his father *Patrick Cain*, was voidable by the said Patrick's other children, on the ground of alleged incapacity, the facts, as exhibited in the bill of exceptions, were such as not to allow a reversal of the judgment against *John*, on the first assignment of error, that is, that the verdict was unauthorized by the testimony.

But we are of the opinion, that the Circuit Judge erred in overruling the motion for a new trial, on two other grounds.

1st. The hypothetical instruction, as to *John's* control over his father, and his fraudulent procurement of the deed, was, so far, abstract, there being, in our opinion, no evidence of either of those assumed facts; and, consequently, in this respect, the instruction may have been delusive.   Therefore, as the propriety of the verdict, on the ground of incapacity alone, would be at least questionable, it seems to us that the abstract and, possibly, delusive character of the instruction, just noticed, entitled John Cain to a new trial.

It is error to give the jury instructions, hypothecated upon a state of facts which the evidence does not conduce to prove

2d. Although the affidavit of *one of the Jurors*, certifying that another of them made declarations, *since their finding*, which, if true, evinced his partiality and incompetence, was inadmissible, for several reasons, and es-

Affidavit of one juror, after verdict, is incompetent to prove the *partiality* or incompetency of a

fellow juror— The affidavit of a stranger and of the party, that one of the jurors, *before summoned* had declared *"that he never would find in favor of a will that did not make an equal distribution among the testator's children,"* with farther statement of the party in his affidavit that the fact of the declation having been made by the juror, was unknown to himself and counsel until after the verdict, (in a case where the party claims under a conveyance made as confirmatory of the will,) *is good ground for a new trial.*

pecially on grounds of policy, well established by principle and authority, for preventing the insecurity which might result from tampering with jurors after verdict. Yet it does seem to us, that the affidavit of *Smith,* a stranger, and that of *John Cain* himself, of the fact that one of the jury (*Hahn,*) had frequently declared, *before he was summoned as a juror,* that he never would find a verdict in favor of a *will* which did not make an equal distribution among the testator's children, were admissible, and furnished sufficient cause for a new trial. Cain's affidavit, also averring, as it did, that this fact was unknown to himself and his counsel until after the verdict.

As the conveyance, in this case, seems to have been intended as a confirmation of a *will,* and was even otherwise virtually testamentary or *post mortuary,* such a prejudgment, as that suggested in the affidavit, as to a *will,* should be deemed to have had the same prejudicial influence on the verdict, as it might be presumed to have had, if the document under which *John Cain* claims, had been a will instead of a deed. The fact, thus certified, would have furnished legal cause of challenge, unless it had been satisfactorily obviated on the *voire dire.* It evinced a settled prejudice against such a conveyance as that involved in the issue in this case; and not only would *Hahn's* affidavit of the fact have been incompetent, but his affidavit against the fact, and in support of his impartiality and the verdict, would have been competent. The omission, by the defendants, to take his affidavit, seems, therefore, to be a virtual concession of his prejudice as alleged.

Objection to a juror, which would be good cause of challenge, will, if not discovered till after verdict, be good ground for a new trial.

Therefore, it seems to us that, there being no ground for presuming negligence, in not ascertaining, before trial, or in failing to interrogate the jurors *concerning such* a fact, affecting his impartiality, and not merely his *technical* competency, the affidavit presented sufficient cause for a new trial.

Judgment reversed and cause remanded, for a new trial.

*C. A. Wickliffe and M. D. McHenry* for plaintiff: *Owsley* for defendants.