CASE 7—INDICTMENT—DECEMBER 6.

# Commonwealth vs. Skeggs, &c.

3bu 19
133    405

3bu 19
137    818

## APPEAL FROM LARUE CIRCUIT COURT.

1.  The testimony of jurors is not competent to explain the grounds of their
    decision or to impeach the validity of their finding. (*Taylor vs.
    Geiger, Hardin,* 587; *Heath vs. Conway,* 1 *Bibb,* 398; *Johnson vs.
    Davenport,* 3 *J. J. Marshall,* 393.)
2.  An indictment returned in proper manner, by a competent grand jury,
    is valid, and it was error in the circuit court to permit the jurors to
    be examined with reference to the finding of the indictment.
3.  If for any cause the indictment is defective and liable to be quashed,
    that fact will not render the recognizance void.

JOHN RODMAN, Attorney General,        For Appellant,
                          CITED—
*Criminal Code, sec.* 80.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

An indictment against James Skeggs and Jeremiah
Skeggs for breaking into and robbing a store-house was
returned in the Larue circuit court, indorsed "a true bill"
by the foreman of the grand jury; and afterwards, dur-
ing the same term of the court, Jeremiah Skeggs ap-
peared and moved the court to continue the prosecution,
which was done; and, thereupon, said Skeggs, with
Field Skeggs and Stephen Corum, his sureties, entered
into a recognizance in the sum of three hundred dollars
for the appearance of said defendant to answer the
charge at the next term of said court.

Said Jeremiah Skeggs having failed to appear in dis-
charge of said recognizance, at the November term, 1866,

a summons was awarded against said Field Skeggs and Corum to enforce their liability on said recognizance. And in May, 1867, they appeared and filed an answer, and moved the court to quash the recognizance, which motion being heard, was sustained, and a judgment was rendered quashing the recognizance and dismissing the indictment, from which judgment the Commonwealth prosecutes this appeal.

It appears from the answer and a bill of exceptions in the record that the court sustained the motion to quash the recognizance, because, in the opinion of the judge, the indictment was invalid, in consequence of the fact that, as the grand jury was at first organized, one of its members was a civil officer, notwithstanding such incompetent juror was discharged and his place supplied by another before the indictment was returned.

It is alleged in the answer that the evidence was heard by the grand jury, and their decision upon it was formed, while one of their number was incompetent as aforesaid, although it was returned afterwards by a competent grand jury; and to sustain this singular ground of objection the court permitted the defendants to swear and examine several of the grand jurors as to the facts proved before them, and the time at which they decided to find the indictment. This ruling was excepted to by the Attorney for the Commonwealth, and it is now complained of as error, as well as the final judgment of the court upon other grounds.

It is a well-settled principle, and one which is applicable to the action of all juries, that the testimony of the jurors is not competent to explain the grounds of their decision or impeach the validity of their finding. (*Taylor vs. Geiger, Hardin*, 587 ; *Heath vs. Conway*, 1 *Bibb*, 398 ; *Johnson vs. Davenport*, 3 *J. J. Mar.*, 393.)

Commonwealth vs. Skeggs, &c.

This court said, in *Johnson vs. Davenport*, just cited, that "the dangerous tendency of receiving testimony of the jurors for such a purpose is too obvious to require comment. It would open a door so wide, and present temptations so strong for fraud, corruption, and perjury, as greatly to impair the value of, if not eventually to destroy, this inestimable form of trial by jury."

In our opinion the court erred in permitting the jurors to be examined with reference to the finding of the indictment, which, having been returned in proper manner by a competent grand jury, was valid.

It seems to us, moreover, that if for any cause the indictment was defective and liable to be quashed, that fact did not render the recognizance void.

Wherefore, for the reasons indicated, the judgment quashing the recognizance is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.