*J. S. Hocker, for appellant.*

---

## H. E. ROUSE *v.* R. H. McFARLAND.

**Misconduct of Jury.**
> Where a few of the members of the jury on their way to the jury room step aside to a water closet for a few minutes, but converse with no one, such act does not constitute misconduct.

**Evidence of Misconduct of Jury.**
> The evidence of a juror will not be heard to impeach his own verdict.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

February 5, 1879.

OPINION BY JUDGE ELLIOTT:

Three grounds are relied on here and were relied on in the lower court for reversal, to wit: 1. The verdict is contrary to law; 2. The verdict is contrary to the evidence; 3. Misconduct of the jury.

As to the first two grounds but little need be said. The appellee proved by himself that he was employed by appellant to attend his sick daughter, and as her physician to try to effect her cure. He proved, further, that he did so attend her at appellant's solicitation, and that his charges were reasonable and appellant had promised to pay them, and had made a partial payment thereon.

The misconduct of the jury stated in the grounds for a new trial has not been sustained by the evidence. The only pretended misconduct of the jury was that on their way up to the jury room a few of them retired a few steps to a water closet, but in a few minutes

joined their associates in the jury-room, and that in the meantime they had conversed with no one on the subject.

It was, however, attempted by appellant to prove by the jurors themselves that they had been guilty of misconduct in the jury-room. That the evidence of a juror will not be heard to impeach his own verdict has been decided by this court in *Doran v. Shaw,* 3 T. B. Mon. 416; *Steele's Heirs v. Logan,* 3 A. K. Marsh. 394; *Cain v. Cain,* 1 B. Mon. 213; *Commonwealth v. Skeggs,* 3 Bush 19, and other cases. In *Cain v. Cain,* supra, this court decided that the affidavit of a juror might be used in support of his verdict but not to impeach it.

On the merits of this case the evidence was conflicting, and the jury were fully authorized to find the verdict assailed by this appeal.

Wherefore the judgment is *affirmed.*

*H. F. Turner, for appellant.    M. Yeoman, for appellee.*