Case 105—INDICTMENT—December 4.

## Roberts v. Commonwealth.

APPEAL FROM FAYETTE CIRCUIT COURT.

After a verdict has been announced it is too late to correct an erroneous instruction and resubmit the case to the jury; and where the life or liberty of the citizen is involved, this court will not inquire as to the effect of the second finding.

Upon a trial for manslaughter the court, by its instruction to the

jury, inadvertently fixed the minimum punishment at ten instead of two years' imprisonment. The jury returned a verdict fixing the punishment at ten years' imprisonment. After the verdict had been announced, and while the jury was being polled, the error in the instruction was discovered, and thereupon the court modified the instruction, and resubmitted the case to the jury. A verdict fixing the punishment at four years' imprisonment was then returned. *Held* —That the court should have entered the first verdict, and then granted a new trial. The jury might have returned a different verdict if they had been properly instructed in the first instance.

Z. GIBBONS FOR APPELLANT.

It was error to allow the mistake in the instruction to be corrected, and the case resubmitted after the jury had agreed upon a verdict. (Criminal Code, sec. 225; State v. Catlin, 3 Vt., 530.)

B. W. DUKE, NELMS BROTHERS, J. E. ALLEN ON SAME SIDE.

Brief not in record.

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

The appellant was not prejudiced by the correction of the mistake in the instruction, and besides, there was no exception to the instruction when corrected.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant, Roberts, was indicted in the Fayette Circuit Court for the murder of John McCarty. The jury brought in a verdict of manslaughter, fixing his punishment at confinement in the penitentiary for four years.

There is only one question in the case necessary to be considered. After the evidence had closed for the State and the defense, the court, through inadvertence, instructed the jury that if the accused was guilty of manslaughter his punishment was confinement in the State prison for a period of not less than ten nor more than twenty-one years. The jury, under this instruction, after fully considering the case, returned into court with a verdict fixing the punishment at ten

years' confinement in prison. The verdict had been announced and the jury was being polled when it was suggested that the instruction given was erroneous, because it fixed the minimum punishment at ten instead of two years. The court then gave another instruction, or modified the one given, and required the jury to return to the jury-room that they might further consider the case. A verdict had been returned, correct in form and substance, by twelve men, whose minds had concurred as to the punishment to be inflicted; and while a lesser punishment was imposed by the last finding, we know of no rule of law or practice, particularly in a criminal case, that will authorize a correction of an erroneous instruction after the verdict has been announced. If this can be done the jury might have made the punishment, when considering the case for the second time, at fifteen years instead of four, and in this way the accused subjected to two findings as to the punishment.

It has been argued that no injustice has been done the accused, but, on the contrary, the punishment having been lessened, he was, in fact, benefited by the error committed. We think this court ought not to inquire as to the effect of the second finding, as such a practice can not be sanctioned when the life or liberty of the citizen is involved. The action of the court may also have been prejudicial to the rights of the accused. The jury, as the record shows, had deliberated on the issue many hours before returning into court with their first verdict, fixing the punishment at the shortest period of time. They evidently saw what they considered some miti-

gating facts connected with the homicide, as on their second finding the verdict was for four years. Having first agreed on ten years, they might have been reluctant in so far reducing their verdict as to make the punishment two instead of ten years. What circumstances connected with the case operated on the minds of the jury, causing the verdict to be lessened, would be merely speculative on the part of this court, and, therefore, it is not necessary to review the testimony, particularly when there must be a retrial; but it is sufficient to say that the jury might have returned a different verdict from either of the findings made if they had been properly instructed in the first instance. The court finding the instruction first given erroneous, should have permitted it entered, and then set it aside, granting the appellant a new trial.

The judgment is reversed, and remanded for a new trial consistent with this opinion.