CASE 87—INDICTMENT—NOVEMBER 17.

## Blair v. Commonwealth.

93  493
107  98

APPEAL FROM KENTON CRIMINAL COURT.

1. POWER OF JUDGE TO ALTER FORM OF VERDICT.—The trial judge may, in the presence of the jury, alter their verdict in form, but not in substance.

   Under an indictment for uttering a forged writing the jury returned a verdict finding defendant "guilty of forging as per indictment," and fixing his punishment. In the presence of the jury the judge struck out the words "of forgery as per indictment," and upon the verdict being read to the jury in its altered form they said it was their verdict. *Held*—That the alteration was merely of form and was within the power of the judge.

2. REVERSIBLE ERRORS.—Where there is evidence to support the finding of the jury in a criminal case there can be no reversal, although the verdict may be against the weight of the evidence.

JOHN B. O'NEAL FOR APPELLANT.

1. The verdict is not sustained by the evidence.
2. Where an amendment of a verdict is necessary it is proper for the jury to retire. (Proffatt on Jury Trial, secs. 450 to 463; Archbold's Crim. Plead. and Prac. (Waterman's notes), vol. 1, pp. 601, 667.)

Blair v. Commonwealth.

W. J. HENDRICK for appellee.

1. As the correction of the verdict was simply as to form it was not error for the court to make the correction in the presence of the jury.
2. This court will not disturb the verdict of a jury upon the ground that it is against the evidence, unless it is palpably so. (Bell v. Keach, 80 Ky., 42.)

CHIEF JUSTICE HOLT delivered the opinion of the court.

The indictment is for uttering a forged writing. The jury returned this verdict:

"We, the jury, find S. F. Blair guilty of forgery as per indictment, and fix punishment at three years in the penitentiary.        Henry Kentrup, *Foreman.*"

Upon its being read the trial judge, in the presence of the jury, altered it by erasing the words "of forgery as per indictment," making it read: "We, the jury, find S. F. Blair guilty, and fix the punishment at three years in the penitentiary." Upon its being read to the jury they said it was their verdict, and it was so received. Objection was made and exception taken to the change being made by the court. It is now urged that the jury should have been directed to return to their jury-room to reconsider the case.

It is true the verdict as returned found the accused guilty of forgery, when he was indicted for uttering a forged writing; but it also recited that the jury found him guilty as charged in the indictment. It is plain the alteration made the verdict conform to the intention of the jury, and the real meaning of the finding. They said so when it was read to them after the correction. It has always been the practice for the trial judge, in the presence of the jury, to make formal corrections of the verdict, and he should undoubtedly have this power. If the

meaning of the finding is not plain, then the jury must make it so. Their province must not be invaded by the judge. He may alter the verdict in form, but not in substance. Only this was done in this instance.

There was evidence to support the finding, and it is a well settled rule that when this is so there can be no reversal in a criminal case, although the weight of the evidence may be against the verdict.

Judgment affirmed.