CASE 58—INDICTMENT—JAN. 13.

## John Crockett v. Commonwealth.

APPEAL FROM ADAIR CIRCUIT COURT.

1. CRIMINAL   PRACTICE—UNAUTHORIZED   VERDICT—CORRECTION.—
Where a jury is correctly instructed, but in violation or disregard
of the instructions brings in a verdict not authorized by them, it
is proper for the court to refuse to receive the verdict, and direct
the jury to return to their room and make a verdict in accordance
with the instructions.

On the trial of the indictment charging defendant with murder,
the jury brought in a verdict finding him guilty and fixing his
punishment at confinement in the penitentiary for ninety-nine
years, and the court sent them back to the jury room, and they
subsequently brought in a verdict fixing the punishment at confinement for life.

GARNETT & GARNETT FOR APPELLANT.

1. Upon the return of the first verdict the right and province of the
jury to pass upon the life and liberty of the accused ended, and
the court had no right or power to send them again to the juryroom to make another and different verdict. (Brown v. Com., 90
Ky., 655.)

W. S. TAYLOR FOR APPELLEE.

1. If the verdict returned by the jury finds the accused guilty of a
crime of which he can not be convicted, or it appears that the
verdict is not in fact the one which the jury intended to return, or
that it is irresponsive, or unintellibible, or legally absurd, the
court may before the verdict is recorded direct the jury to amend
it. (Abbott's Trial Brief, p. 512; People v. Bush, 3 Parks Cr. R.,
552; State v. Gilkie (La.), 16 Rep., 490; State v. Bishop, 73 N. C.,
44; Turbanille v. State, 58 Ga., 545; Cook v. State, 26 Ga., 593;

John Crockett v. Commonwealth.

State v. Steptoe, 1 Mo. App., 19; People v. Biles (Idaho), 6 Pac. Rep., 120; Com. v. Thompson, 116 Mass., 346; Com. v. Long, 76 Mass., 11; People v. Ah. Gow., 53 Cal., 627; Burk v. Com., 5 J. J. M., 675.)

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT:

In this case the facts have been sufficiently stated in the case of James Crockett against the Commonwealth, this day decided, and the questions of law raised in argument are the same as in that case with one exception.

After being instructed and hearing the argument of counsel the jury retired to their room to consider, and, after some time, returned into court and offered and read the following verdict: "We, the jury find the defendant, John Crockett, guilty as charged in the indictment, and fix his punishment at confinement in the penitentiary for the period of ninety-nine years.

"P. H. BRIDGEWATER,
"One of the Jury."

Thereupon the court said to the jury that he would not receive that as a verdict; that it was not in accordance with the instructions, and called their attention to the instructions, and directed them to return to their room and make their verdict in accordance with the instructions.

Proper objections were made and exceptions taken at the time. A motion was made to discharge the jury and another motion to discharge the appellant from custody. Appellant's objections and motions were overruled by the court, and the jury then retired to

their room, and, after some time, returned into the court and delivered the following verdict: "We, the jury, find the defendant, John Crockett, guilty as charged in the indictment, and fix his punishment at confinement in the penitentiary for life.

"P. H. BRIDGEWATER,<br>"Foreman."

The objection to the course of the trial court as to this verdict is based upon the case of Roberts v. Commonwealth, 90 Ky., 655. In that case a verdict had been returned, correct in form and substance, imposing the lowest punishment permitted in a case of voluntary manslaughter, as given in the instruction. The instruction, however, was erroneous, in that the court, through inadvertence, instructed the jury that if the accused was guilty of manslaughter his punishment was confinement in the State prison for not less than ten nor more than twenty-one years. The jury under this instruction fixed the punishment at ten years' confinement. The verdict had been announced and the jury was being polled, when it was suggested that the instruction was erroneous because it fixed the minimum at ten instead of two years. The court then gave another and correct instruction, and required the jury to return to the jury-room and further consider the case.

This court held in that case that while the jury in their second verdict lessened the punishment imposed from ten to four years, yet they might have made the

punishment, when considering the case for the second time, greater than was originally found, and that the court, finding the instruction first given erroneous, should have permitted the verdict entered and then set it aside, granting the appellant a new trial. That, however, is not the case at bar. In this case the instruction given was correct, and it was no more erroneous to require the jury to make their verdict conform to the instruction given than it would have been to send them back to the jury-room for further consideration if they had announced that they were unable to agree. Moreover, the verdict rendered after the second retirement of the jury was the same in substance as that rendered when they retired the first time.

Mr. Bishop in his new Criminal Procedure, volume 1, section 1004, says: "A verdict inadequate in form and substance should not be received, but the jury should be required to perfect it, either in the presence of the court or by returning for the purpose to their room, due consultation having been had with the judge, and, if necessary, further evidence delivered."

And in the American and English Encyclopedia, volume 28, page 365, it is said: "Where defects of substance or of form appear in the verdict upon its rendition the jury may be allowed to alter or correct it at their own request, or the court may require the proper amendments to be made." (See also Abbot's Trial Brief, page 512, and authorities there cited.)

The judgment in this case is affirmed.