# APRIL TERM 1907,

CASE 25.—PROSECUTION AGAINST WILLIAM THOMAS FOR
HOUSEBREAKING.—April 10.

## Thomas v. Commonwealth

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Defendant convicted and appeals.   Reversed.

Criminal Law—Verdict—Sentence Beyond Statutory Limit—Appeal
—On a prosecution for breaking into a storehouse, under
Ky. Stats., 1903, sec. 1164, authorizing a sentence of not less
than one year nor more than five years, the court charged
that, if the jury found defendant guilty, they should fix his
punishment at not less than one year, nor more than ten
years.   Section 1136 provides that the jury shall fix by
verdict the punishment within the period prescribed by law.
On denial of a motion in arrest, judgment for five years
was entered on the verdict assessing ten years.   Held, on
appeal that a mistrial had resulted, and that the judgment
would be reversed, the cause remanded, and the defendant
retained in custody.

GEORGE DENNY and R. S. CRAWFORD for Appellant.

The appellant was indicted for housebreaking, the punishment
of which is confinement in the penitentiary from one to five
years.   The court instructed the jury if they found him guilty,
they should fix his punishment at not less than one nor more
than ten years.   The jury fixed the punishment at ten years.
The court against the objection of defendant rendered a judgment
for five years.   We contend the judgment was unauthorized and

Thomas v. Commonwealth.

void, and that defendant is being held without authority of law and should have been discharged.

### AUTHORITIES CITED.

Ky. Statutes, sections 1136, 1164; Heron v. Commonwealth, 79 Ky., 38; Cornileson v. Commonwealth, 84 Ky., 583; Eldridge v. Commonwealth, 367.

N. B. HAYS, Atty. Gen'l. & CHAS. H. MORRIS for Appellee.

### POINTS AND AUTHORITIES CITED.

As the only alleged error of the lower court was not excepted to, nor is properly presented to us for revision, we have no right to consider it, and the judgment must, consequently be affirmed.

It is true that there was no motion for a new trial, but there was a motion to set aside the verdict, or to arrest judgment.

Under section 276 Criminal Code, the motion in arrest of judgment is not proper in this state of case.

This section provides:

"The only ground upon which a judgment shall be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court."

So, this court cannot decide the question attempted to be brought before it, unless the court does as we have done and treats the motion in arrest of judgment as a motion for a new trial, and in that event, the application of section 281 of Criminal Code will compel the court to affirm.

Bronson v. Commonwealth, 92 Ky., 333; Vinegar v. Commonwealth, 104 Ky., 110; Redmon v. Commonwealth, 82 Ky., 335; Day v. Commonwealth (3 cases) 29 Ky. Law Rep., 814-816; Logsden v. Commonwealth, 9 Ky. Law Rep., 431; Jefferies v. Commonwealth, 9 Ky. Law Rep., 875.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Appellant was convicted under an indictment charging him with the statutory offense of breaking into a storehouse, the punishment for which is confinement in the penitentiary for not less than one

nor more than five years. Section 1164, Ky. Stats., 1903. There was proof to sustain the verdict of guilty. The instructions, with the exception noticed, are faultless. The exception is: The court told the jury that, if they found the defendant guilty, his punishment should be fixed at confinement in the penitentiary for not less than one nor more than ten years. The verdict of the jury found the defendant guilty, and fixed his punishment at 10 years' confinement in the penitentiary. The defendant did not move for a new trial. The court's attention having been called to the error, he informed the defendant that he would be granted a new trial if he requested it. But he refused, upon the advice of his counsel, to ask for it. Instead, he entered a motion for an arrest of the judgment, and for a discharge from custody. His motion was overruled, and judgment rendered sentencing him to five years' confinement in the State penitentiary. It is evident that the word "ten" in the instructions was an inadvertence. There was no objection to the instruction when it was given, at least no exception was taken. The court's attention was not then called to the error, if it had been observed by counsel. The statutes provide (section 1136, Ky. Stats., 1903): "The jury when an offender is tried shall fix by their verdict the punishment to be inflicted within the period or amount prescribed by law."

The contention now is that the court, and not the jury, has fixed the punishment in this case, and that the judgment is void for that reason; furthermore, that the defendant having been once placed in jeopardy, and the jury discharged, the court has no alternative but to release him from custody. Such a fluke ought not to happen, unless there is no reasonable or lawful escape from it. Concede that the

defendant is guilty, and has been found so by a prop-
erly impaneled jury, it is repugnant to common sense
and plain justice that he should go scot free because
of a mere error in his trial, which he is asking to
have corrected, and which may be made innocuous.
Under our system of practice in criminal cases, it is
not competent for the court to affix the penalty where
the trial is by jury.    Under the statute quoted, the
jury, and the jury only, are authorized to do that.
It will not do to say that the jury, having fixed the
penalty at the maximum allowed by the instructions
and beyond that allowed by the statute, have in a
sense fixed the maximum allowed by the statute.    The
fact is they have not, by a verdict which they have
signed, imposed any penalty within the statute.    The
judgment of conviction can rest alone upon the ver-
dict of the jury, and that must be returned by the
jury as their conclusion.    For the court to say that
the jury have, by fixing a higher penalty, necessarily
agreed upon the infliction of the lower penalty, is not
true.    For the jury may not have agreed to the fixing
of any other verdict than the one they arrived at.
In that case, whatever may have been their reason
for failing to agree, there would have been no verdict,
and a mistrial would have resulted.    1 Bishop, New
Crim. Pro. section 1012; Allen v. Com., 2 Leigh (Va.)
727; Roberts v. Com., 14 S. W. 832, 90 Ky. 654.    The
court should have given to the jury the correct law
and the whole law of the case.    When it was dis-
covered by the court that it had failed to do so,
resulting in a verdict that was contrary to the statute,
and void, the verdict should have been set aside.    A
mistrial had resulted as completely as if the jury
had failed to agree upon any verdict, and when they
were discharged by the order of the court from the

further consideration of the case, and without objection by the defendant, the case stood precisely as it did before the trial began. It was error for the court to have rendered a judgment of conviction upon a verdict which was void. The appellant, by prosecuting the appeal to this court, asking that the judgment of conviction be reversed, cannot impose terms upon the court as to the extent or effect of the reversal. The court will reverse the judgment, because it is erroneous, and because the appellant has appealed from it, and, when reversed, the case will stand for trial as if no trial had occurred.

The cause is remanded for a new trial under proceedings consistent herewith.