## Jackson v. Commonwealth.

October 8, 1946.

26

J. D. Via for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Appellant charged with warehouse breaking, KRS 433.190, for which the penalty is from one to five years' imprisonment, entered a plea of guilty. The motion for a new trial and bill of exceptions show that the Commonwealth's Attorney stated to the jury that appellant had agreed to accept the maximum. However, the jury returned a verdict fixing the penalty at one year in the State Reformatory. The bill shows that when this was read the Commonwealth's Attorney stated in open court that unless the jury should give appellant the maximum he would set the verdict aside and call another jury to try the case; that he had other charges against appellant which he would file away if the jury should return a verdict of five years' imprisonment. The bill shows that the jury was "directed" by the attorney and "permitted" by the Court to return to their room and "reconsider their verdict." This they did, and made return as follows: "We the jury, after hearing other charges brought to our knowledge against the defendant by two Commonwealth's Attorneys, do reconsider our verdict and fix the penalty at five years in the penitentiary."

The bill and an affidavit of one of the jurors show that the attorney objected to the reference to "other charges" against the defendant, and again were "permitted" to return to their room for correction of the verdict. They then struck out the words "one year" in the first verdict and inserted the words "five years," and upon this the court entered judgment.

The court upon the plea of guilty had instructed the jury correctly, that is, to find the defendant guilty and fix the penalty at from one to five years' imprisonment. The record fails to show that the Judge ordered or directed the jury to retire and reconsider or correct the verdict, but only permitted them to do so. This, however, is immaterial, since the result would be the same had he directed the jury to return for the purpose of doing anything more than correcting the verdict as to form or for clarification. He could not legally direct them to change the verdict in substance, if the result was to the prejudice of defendant's substantial rights. Williams v. Commonwealth, 140 Ky. 34, 130 S. W. 807; Gillum v. Commonwealth, Ky., 121 S. W. 445; Blair v. Commonwealth, 93 Ky. 493, 20 S. W. 434, distinguished in Tucker v. Commonwealth, 255 Ky. 635, 75 S. W. 2d 220. In the instant case the jury under correct instructions had deliberated and returned and read a verdict correct in form and substance. It was then too late to require a reconsideration of their verdict, other than for the purpose of formal correction. Roberts v. Commonwealth, 90 Ky. 654, 14 S. W. 832.

That the jury was influenced by the actions of the Commonwealth's Attorney to return the third verdict is shown by the affidavits of one of the trial jurors, not for the purpose of impeaching that verdict, but to show that they considered the punishment inflicted by the first to be sufficient. It shows that they would not willingly have returned the last verdict had it not been for the statements made, not by the Court but by the Commonwealth's Attorney.

It is true, as contended by the Attorney General, that the objection to the entry of judgment on the last verdict was first raised on the motion for new trial. It seems to be conceded that the substantial rights of appellant have been prejudiced by the way and in the manner the last verdict was returned; at that time it could not

28

have been manifested to the court, as is clearly the case here that the last verdict was not reached fairly and impartially. It was proper to present the objection in motion for new trial. Counsel for defendant, as is shown by his brief, takes the position that appellant was twice placed in jeopardy, and that the final judgment was void, rather than voidable. We need not discuss these contentententions, though they could be forcefully advanced on another trial for the same offense.

We conclude that neither the Court nor the Commonwealth's Attorney is authorized to direct a reassembling of the jury to change substantially a verdict which is clear and unequivocal, rendered following a correct instruction as to the law. It is not, nor could it be, contended that a jury is bound by an agreement between accused and the prosecutor. In Cannon v. Commonwealth, 291 Ky. 50, 163 S. W. 2d 15, we heartily approved what we quoted from Ponder v. State, 11 Ga. App. 60, 74 S. E. 715, 716: "When the juror states that his assent to a verdict of guilty was not freely nor voluntarily given, it is necessarily to be implied that his consent is due to external pressure, and that his concurrence is not due to his own volition, but to the volition of another substituted in place of his own." The Court should have entered judgment on the first verdict.

Judgment reversed and case remanded for the entry of such a judgment.