## Hayes v. Commonwealth.

June 10, 1947.

L. B. Handley, Judge.

Dan S. Arnold for appellant.

Eldon S. Dummit, Attorney General, and Paris Swinford, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Mac Hayes was charged with the crime of maliciously cutting and wounding J. B. Hayden, Jr. Upon his

trial he entered a plea of guilty and the jury fixed his punishment at eight years in prison. His motion and grounds for a new trial were overruled and judgment was entered in accordance with the verdict.

The ground upon which a new trial was requested and upon which this appeal is based presents a rather unusual situation. Prior to the entrance of the plea of guilty, the Commonwealth's Attorney had agreed to recommend to the jury that Hayes be given a three year sentence. That officer made the recommendation and when Hayes' counsel examined the jury the members were asked if any of them would not abide by the recommendation of the Commonwealth's Attorney. No juror made a response to the question. The instruction directed that the jury fix Hayes' punishment at not less than two nor more than twenty-one years in their discretion, since he had entered a plea of guilty.

Counsel for Hayes earnestly contends that the action of the jury showed bias and prejudice. There is certainly basis for this contention, in view of the fact that a sentence of eight years was imposed by the jury. The question which confronts us, however, is whether or not we are authorized to reverse the judgment? As pointed out in the recent case of Jackson v. Commonwealth, 303 Ky. 25, 196 S. W. 2d 865, a jury is not bound by any agreement made between the accused and the prosecutor. Furthermore, our rulings are numerous to the effect that the sole power of fixing punishment within the limits prescribed by law lies with the jury. Enright v. Commonwealth, 189 Ky. 497, 225 S. W. 240.

Hayes places reliance upon the case of Mounts v. Commonwealth, 89 Ky. 274, 12 S. W. 311, 11 Ky. Law Rep. 474, wherein it was pointed out that a new trial should be granted an accused if the court or the attorney for the commonwealth, by threats or promises, induces him to enter a plea of guilty. We are confronted with a different situation, however, because the attorney for the Commonwealth fully carried out his agreement with the accused and no coercion is intimated. Whether the court was advised of the agreement made by the parties is not shown, but we have no hesitancy in saying that he would have been justified amply in granting Hayes a new trial.

We are very sympathetic with Hayes's position, but we are powerless to afford him any relief. This Court is always reluctant to suggest action on the part of another branch of the government, but, in the instant case, all of us feel that there has been a miscarriage of justice which might well be righted through executive clemency.

Judgment affirmed.