# Hobbs v. Commonwealth.

October 15, 1948.

Robert B. Bird for appellant.

A. E. Funk, Attorney General, and Walter C. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Pursuant to Commonwealth Attorney's agreement to recommend the minimum sentence of two years, appellant pleaded guilty to a charge of shooting at without wounding. Contrary to the recommendation, the jury gave him 10 years in the penitentiary. From that judgment this appeal is prosecuted.

It is contended that the failure of the jury to follow the recommendation of the Commonwealth Attorney evidences bias and prejudice resulting from some factor present in the trial. Attention is called to the fact that appellant had as a defense the absence of intent, due to his being "crazy drunk." It is pointed out in motion and grounds that the prosecuting witness would have testified that appellant was "crazy drunk"; that this

would have been sufficient to establish an absence of intent and, therefore, reduce the crime to a misdemeanor, all of which he waived because he reasonably believed that the jury would follow the recommendation of the Commonwealth Attorney. However, it was pointed out to appellant and his attorney by both the court and the Commonwealth Attorney before the entry of this plea of guilty that such a recommendation was not binding on the jury and that the court would instruct the jury to fix the penalty at from 2 to 21 years.

Appellant offers the following grounds for repeal. (1) That the indictment was defective, in that there was no such offense as charged, and that a plea of guilty to such charge was a nullity. (2) That the court erred in its instructions. (3) That the jury's verdict indicated personal bias and prejudice against appellant in failing to follow prosecuting attorney's recommendation.

It is insisted that the indictment was defective in that it contained the words "with intent to kill," which under KRS 435.170 did not belong in the charge since it was not a part of the crime. It is not necessary for us here to discuss the contention made herein since appellant pleaded guilty to whatever charge there was in the indictment. He did not plead guilty to any more than was contained therein nor did he plead guilty to any less.

It is insisted next that the court erred in its instructions. It will be noted that the court merely instructed: "Upon the personal plea of guilty of the defendant in open Court, to the charge contained against him; in the indictment herein you will find the defendant guilty as charged in the indictment and fix his punishment at confinement in the State penitentiary for a period of not less than two nor more than twenty-one years, within these limits in your reasonable discretion."

The plea of guilty was to the charge contained against him in the indictment and the instruction to find defendant guilty as charged in the indictment is to find him guilty of the thing he pleaded guilty to. Consequently, there can be no merit in appellant's contention herein.

Lastly, it is contended that the verdict indicated

personal bias and prejudice against the appellant in its failure to follow the recommendation of the Commonwealth Attorney; and that appellant was led to believe he would receive only the minimum sentence of 2 years by his agreement to plead guilty. This perhaps was correct, and we are inclined to believe that when the jury fails to follow the recommendation of the Commonwealth Attorney, based upon an agreement, the court below should sustain motion and grounds for new trial.

We note in brief of appellee the following: "We sincerely believe that, under the conditions and circumstances of this case, there has been a miscarriage of justice and that the lower Court would have been justified in granting appellant a new trial, * * *"

We agree with the above statement, but we are powerless to act in such an instance. See Hayes v. Commonwealth, 305 Ky. 108, 203 S. W. 2d 1, 2. We will say here, as we did in the Hayes case: "This Court is always reluctant to suggest action on the part of another branch of the government, but, in the instant case, all of us feel that there has been a miscarriage of justice which might well be righted through executive clemency."

The judgment is affirmed.