## LAYNE v. COMMONWEALTH.

Court of Appeals of Kentucky.

May 15, 1951.

Gardner & Gardner, West Liberty, for appellant.

A. E. Funk, Atty. Gen., W. Owen Keller, Asst. Atty. Gen., for appellee.

CAMMACK, Chief Justice.

Jack Layne pleaded guilty to a charge of breaking into a storehouse. His punishment was fixed at three years in prison. This appeal is prosecuted on the ground that Layne understood and believed that he would receive a two year sentence upon his plea of guilty. As agreed, the Commonwealth's Attorney recommended a two year sentence for Layne, but the jury fixed his punishment at three years.

We were confronted with a similar situation in the case of Hayes v. Commonwealth, 305 Ky. 108, 203 S.W.2d 1. In that case we pointed out that a jury is not bound by an agreement made between an accused and a prosecutor; and, further, that the sole power of fixing punishment within the limits prescribed by law lies with the jury. In the Hayes case the members of the jury had remained silent when asked whether or not they would abide by the recommendation of the Commonwealth's Attorney. But, even in that case, we affirmed the judgment based upon the verdict of the jury.

Judgment affirmed.