Elbert "Bub" CHANDLER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 21, 1956.

Ed. H. King, Paintsville, for appellant.

Jo ᴍ. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

MILLIKEN, Chief Justice.

The appellant, Elbert "Bub" Chandler, was convicted of selling whisky in local option territory in violation of KRS 242.230 (1) and his punishment fixed at a fine of $50 and thirty days in jail. The jury had returned a verdict merely fining the appellant $50, but was sent back to the jury room with instructions that a jail term of not less than thirty nor more than sixty days was mandatory under the statute if a verdict of guilty was rendered.

The jury's mistake was caused by an error in the instructions of the trial judge who inadvertently used "or" when he should have used "and." He had told the jury that it could fine "or" imprison the accused if it found him guilty, whereas the statute fixes the punishment at both a fine "and" imprisonment. While it may appear at first blush sensible for the court to send the jury back to correct its verdict, reflection indicates that, as stated by Judge Pryor in 1890 in Roberts v. Commonwealth, 90 Ky. 654, 14 S.W. 832, 833, 12 Ky.Law Rep. 681, " * * * it is sufficient to say that the jury might have returned a different verdict from either of the findings made, if they had been properly instructed in the

first instance." In other words, if the jury considered the Commonwealth's case rather weak, it might not have found Chandler guilty had it known a prison term was mandatory. The court, finding the instruction it had given to be erroneous, should have permitted the verdict to be entered and set it aside granting the appellant a new trial.

Other points raised for reversal are not discussed.

The judgment is reversed and the case remanded for a new trial consistent with this opinion.