**Harry G. RUGGLES, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 6, 1960.

that an ordinary sentence of life in the penitentiary be given him.

Appellant claims he acted upon this agreement by waiving arraignment and entering a plea of guilty to the indictment; and it appears the Commonwealth's attorney advised the jury concerning the understanding he had with appellant. However, the jury in disregard of the agreement and the recommendation returned a verdict whereby appellant received a sentence for life in the penitentiary *without parole*.

The jury in this case was properly instructed and could have returned a verdict that appellant be punished by death, or by confinement in the penitentiary for life without the privilege of parole, or by confinement in the penitentiary for life, or by confinement in the penitentiary for not less than ten years nor more than twenty years. See KRS 435.090.

Appellant's counsel moved that the jury be directed to return to their room for reconsideration of the verdict, in view of the agreement purportedly made between appellant and the Commonwealth's attorney, which the jury had seemingly ignored. There was a motion also filed asking that the verdict be corrected by striking therefrom the words "without parole." Both motions were overruled and judgment was rendered in conformity with the verdict, but no appeal was prosecuted from it.

Appellant has been confined in the penitentiary since shortly after his conviction. A short time ago he investigated the possibility of securing a parole within the purview of KRS 439.110(3) and discovered he could never qualify to receive such a benefit, owing to the prohibition contained in the judgment of conviction. He then employed counsel who instituted this action.

Appellant presented before the circuit court for consideration the affidavits of five persons who sat on the jury which rendered against him the verdict above mentioned in the criminal action. These verified statements, if they could be considered

Philip Hargett, Maysville, for appellant.

John B. Breckinridge, Atty. Gen., Troy D. Savage, Asst. Atty. Gen., Woodson T. Wood, Commonwealth's Atty., Houston L. Wood, County Atty., Maysville, for appellee.

STEWART, Judge.

Harry G. Ruggles, Jr., sought by motion in circuit court, pursuant to ground (6) of CR 60.02, to delete the words "without parole" from the jury verdict and from the judgment entered thereon in the hereinafter mentioned criminal case. The lower court refused to grant the relief sought.

The pertinent facts which constitute the basis of this proceeding are not in dispute. These are that on April 2, 1952, Harry G. Ruggles, Jr., was indicted in the Mason Circuit Court for the crime of rape. On the day his trial was set, an agreement was allegedly made between him and the Commonwealth's attorney to the effect that, in exchange for a plea of guilty upon his part, that official would recommend to the jury

as admissible evidence for the purpose relied upon, would tend to show that the jury was possibly influenced by certain remarks the sheriff made in answer to questions directed at him by members of the jury after they had retired. The affidavits constitute the factual basis for the relief sought in this proceeding.

Appellant's motion, which was in the nature of an application for a writ of coram nobis, was dismissed after a hearing. This appeal is from the ruling of the court.

■ It is well established in this jurisdiction that a jury is not bound by an agreement between the accused and the Commonwealth's attorney as to the penalty the accused shall receive. The Commonwealth's attorney can bind himself to recommend a particular verdict, and such was done at appellant's trial, but the verdict to be determined upon within the framework of the instructions is the prerogative of the jury. See Jackson v. Commonwealth, 303 Ky. 25, 196 S.W.2d 865, and Hobbs v. Commonwealth, 308 Ky. 268, 214 S.W.2d 274.

■ In respect to the action before us, it should be stated that no principle of law is more firmly established than the one that the testimony of jurors is not competent to explain the grounds of their decision or impeach the validity of their finding. See Commonwealth v. Skeggs, 3 Bush 19, 66 Ky. 19. The Skeggs case, quoting from Johnson v. Davenport, 3 J.J.Mar. 390, 393, 26 Ky. 390, declared on this point that " 'the dangerous tendency of receiving testimony of the jurors for such a purpose (that is, rendering their verdict nugatory) is too obvious to require comment. It would open a door so wide, and present temptations so strong for fraud, corruption, and perjury, as greatly to impair the value of, if not eventually to destroy, this inestimable form of trial by jury.' " See also Barnes v. Lucas, Ky., 249 S.W.2d 778. An excellent article on this subject appeared in the Kentucky Law Journal of March, 1948, Vol. 36, No. 3, p. 293.

■ In the light of the foregoing rule of law we must hold that the affidavits were not competent to explain how those members of the jury that convicted appellant of the rape charge arrived at their verdict.

Clay in his comments under CR 60.02 at page 83 of his 1957 supplement to the Kentucky Civil Rules has this to say as to the subject matter we are considering: "The 'writ of coram nobis' is an extraordinary and residual remedy to correct or vacate a criminal judgment upon facts or grounds, not appearing on the face of the record and not available by appeal or otherwise, which were discovered after the rendition of the criminal judgment without fault of the party seeking relief * * *. This Rule abolished the 'writ of coram nobis' but authorized the granting of the same relief by motion under the Rule. A motion under this Rule on ground (6) thereof is the proper procedural device for obtaining coram nobis relief, and it may be granted upon the general principles pertaining thereto."

It is our opinion appellant has not made out a case, within the purview of the controlling principles above, that entitled him to the relief he undertook to obtain in circuit court.

Wherefore, the judgment is affirmed.

MONTGOMERY, C. J., not sitting.