**Thomas Sullivan WRIGHT, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 12, 1970.

W. Currie Milliken, Milliken & Milliken, Bowling Green, for appellant.

John Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

562

CULLEN, Commissioner.

Thomas Sullivan Wright was convicted on a charge of armed assault with intent to rob, KRS 433.150, and on a charge of having previously been convicted of a felony, KRS 431.190. His punishment was fixed at a term of 20 years in the penitentiary, which was double the time of the sentence under the prior conviction and was the lowest penalty that could have been imposed upon the finding of guilt on both charges. Wright appeals from the judgment of conviction, asserting three grounds of error.

The first ground relates to the fact that at the opening of the trial the court directed that the appellant be sworn as a witness, along with all other witnesses who were directed to be sworn in a group. Appellant's complaint of this is that it left him no choice but to testify as a witness, since had he chosen not to testify the jury would have drawn unfavorable inferences from that fact; therefore he was in effect compelled to testify in violation of his right against self-incrimination. We think that the trial court erred in directing that the appellant be sworn at the outset of the trial, in a group with all other witnesses, but in our opinion this did not cause any substantial violation of the appellant's rights, such as would require a reversal of the conviction. At the most, had the appellant chosen not to testify, the fact that he previously had been sworn as a witness would not be calculated to make any greater impression on the jury than would a casual, indirect *comment* on a defendant's failure to testify, which we consistently have held does not constitute reversible error. See Anderson v. Commonwealth, Ky., 353 S.W. 2d 381.

Appellant's second contention is that a mistrial should have been declared because, during a recess preceding the commencement of the taking of evidence, the foreman of the jury was seen conversing with the chief prosecuting witness. When this alleged fact was called to the atten-

tion of the trial judge he held an inquiry in chambers, at which he questioned the foreman and the jailer. The foreman (a woman) said that she merely had smiled at the witness, whom she knew, and that no words at all were exchanged. The jailer said that he saw the foreman approach the witness and it appeared that she was starting to say something so he rushed over and cautioned her not to talk to the witness. The trial judge found that there had been no violation of KRS 29.265 or 29.302, or of RCr 9.70. There was no error here. See Woodford v. Commonwealth, Ky., 388 S.W. 2d 371.

The third and final argument is that the trial court erred in sending the jury back to correct its verdict after it had brought in a verdict not conforming to the instructions. The initial verdict was: "We the jury find the Defendant guilty on Instruction No. 1 [the primary charge] and 2 [the prior felony conviction], with the count of ten years." Obviously this did not conform to the instructions, which in substance required the fixing of a minimum sentence of 20 years if the defendant was found guilty on both counts. The trial judge asked the jurors: "Now, ladies and gentlemen of the jury, is it your intention to give the defendant ten years or twenty years?" The foreman replied: "Your Honor, we meant for it to be twenty years * * * So we figure that the Court considered twenty years." The judge then directed the jury: "Go back with the Sheriff, and write out your verdict as to your intention." The jury did so, and returned a new verdict fixing the punishment at a term of 20 years. Since the verdict did not conform to the instructions, it was entirely proper for the judge to direct the jury to retire and return a correct verdict. See Meader v. Commonwealth, Ky., 363 S.W.2d 219; Hambrick v. Commonwealth, 299 Ky. 653, 186 S.W.2d 628; Crockett v. Commonwealth, 100 Ky. 389, 38 S.W. 676.

In passing, we note the fact that the evidence of guilt was overwhelming; in fact, the appellant's own testimony was in sub-

stance an admission of guilt. So even if error had been found it would be difficult to say that it was prejudicial. See Abernathy v. Commonwealth, Ky., 439 S.W.2d 949.

The judgment is affirmed.

All concur.