Lewis BOGIE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 21, 1971.

Henry L. Rosenthal, Jr., Winchester, for appellant.

John B. Breckinridge, Atty.Gen., James H. Barr, Asst.Atty.Gen., for appellee.

PALMORE, Judge.

Lewis Bogie was convicted of aiding and abetting in the theft of a riding lawn mower and rototiller owned by one Dalous Hisle and was sentenced to three years' imprisonment. KRS 433.220. He appeals, contending that the trial court committed prejudicial error in (1) sending the jury back to correct a verdict which was inconsistent on its face, (2) admitting evidence of Bogie's previous conviction of felony, and (3) excluding evidence that one of the prosecution's witnesses had been convicted of a felony.

The indictment charged Bogie, Clay Curtis and Donald (Dan) Hughes jointly. Curtis having disappeared, the case went to trial against Bogie and Hughes. Hughes was found guilty of aiding and abetting grand larceny, and in fixing his sentence at one year the jury recommended clemency. Bogie, as we have said, also was found guilty as an aider and abettor, and his punishment was fixed at three years.

According to the evidence the three defendants went to Hisle's house in a truck owned by Bogie. Hughes was a regular employe of Bogie's and Curtis also had done some work for him upon occasion. Bogie remained in the truck while Curtis entered Hisle's garage and moved the mower and tiller outside, but all three men participated in loading them onto the truck bed. The theory of defense for both Bogie and Hughes was that they had been given to understand by Curtis that this equipment belonged to him and was stored at the home of his sister-in-law, hence they did not realize it was being stolen.

To understand the argument about the verdict it is necessary that the instructions be explained. In substance they were as follows:

1. If Bogie or Hughes, or both of them, stole the mower and tiller and the value was $100 or more, he or they should be found guilty of grand larceny and given a punishment of not less than one nor more than five years in prison.

2. If Bogie, Hughes or Curtis, or any two of them, stole the mower and tiller and the value was $100 or more, and if either Bogie or Hughes was present or near enough to aid and abet and did so, he or they should be found guilty of aiding and abetting grand larceny and given a punishment of not less than one nor more than five years in the penitentiary.

3. If Bogie or Hughes, or both of them, stole the mower and tiller, or aided and abetted therein, and the value was less than $100, he or they should be found guilty of petit larceny and given a punishment of not less than one month nor more than twelve months in jail or a fine of not less than $50 nor more than $500.

4. Reasonable doubt on the whole case.

5. Unanimous verdict.

When the jury first returned, it had written two verdicts on the face of the paper containing the instructions. Its verdict on Bogie appeared immediately after Instruction No. 2 and was as follows:

"We, the Jury, find Lewis Bogie guilty of aiding and abetting grand larceny, and sentence him to the penitentiary for a period of three (3) years. /s/ Harrison D. Peet, Foreman."

The verdict on Hughes appeared after Instruction No. 3, and it was as follows:

"We, the Jury find Donald (Dan) Hughes guilty of petit larceny and sentence him to the county jail for four (4) months. /s/ Harrison Peet, Foreman."

The record shows that when these verdicts were tendered "the Court informed the jury that the verdict was inconsistent in that the articles involved were of one value and instructed the jury to return to the jury room for the purpose of resolving the inconsistency. The jury returned to the jury room and came back with the above set forth verdict against the co-defendant Donald (Dan) Hughes stricken out and a new verdict as to Hughes written at the top of Instruction No. 2 and the verdict as to the Defendant Bogie not changed in any way."

The new verdict on Hughes read as follows:

"We the Jury find Donald (Dan) Hughes guilty of aiding and abetting grand larceny and fix his sentence at one yr. The Jury further recommends clemency. /s/ Harrison D. Peet, Foreman."

Counsel for Bogie objected to the jury's being sent back to correct the verdict and promptly moved for a mistrial. It is our opinion, however, that the trial court did precisely what should have been done and that there was no error.

■■ It has been held that when a jury has returned a verdict with instructions that are discovered to have been incorrect the case may not be re-submitted for further deliberation under corrected instructions. Roberts v. Commonwealth, 90 Ky. 654, 14 S.W. 832 (1890); Chandler v. Commonwealth, Ky., 293 S.W.2d 717 (1956). Nor may the presiding judge change the verdict to reflect what he believes it would have been under proper instructions. Thomas v. Commonwealth, 125 Ky. 231, 101

S.W. 303 (1907). But in the instance of correct instructions it has always been considered permissible for the court to point out incongruities that appear on the face of the verdict and require the jury to return a verdict consistent with the instructions. Wright v. Commonwealth, Ky., 455 S.W.2d 561, 562 (1970); Meader v. Commonwealth, Ky., 363 S.W.2d 219, 222 (1963); Crockett v. Commonwealth, 100 Ky. 389, 38 S.W. 676 (1897). Moreover, in this case the verdict with respect to Bogie was not changed in any respect. If either of the defendants was in a position to complain it was not Bogie but Hughes, and he does not appeal, so we are not required to consider the problem from his standpoint. We find no error and no prejudice with respect to Bogie.

■■ Bogie testified in his own behalf. He was asked upon cross-examination whether he had been convicted of a felony and answered, "For income tax in 1953." To the next question, "Is that the only felony?" counsel objected and the objection was sustained, following which the court admonished the jury to the effect that the felony conviction was to be considered only if and insofar as the jurors were of the opinion that it reflected upon his believability as a witness, and not as evidence bearing upon his guilt or innocence of the charge being tried. Bogie does not challenge the propriety of these actions under the law as it has existed heretofore, but he asks us to reconsider whether an old conviction should ever be admitted for impeachment purposes. We recognized, of course, in Cowan v. Commonwealth, Ky., 407 S.W.2d 695 (1966), that the inherent prejudice in this type of evidence can and often does outweigh its value for the limited purpose of impeachment, and in Cotton v. Commonwealth, Ky., 454 S.W.2d 698 (1970), new guidelines were laid down with the view of limiting proof of a witness' previous convictions to those felonies which are truly relevant to the value of his word under oath. That

opinion says, among other things, that the nearness or remoteness of the prior conviction and the age and circumstances of the witness are proper factors to be considered by the trial court in determining whether the evidence should be admitted. 454 S.W.2d at pp. 702, 703. We continue to believe that this is a reasonably enlightened approach. Bypassing the point that no objection was made to the question that elicited the admission of Bogie's 1953 conviction, we are of the opinion that the trial court did not commit an abuse of discretion in permitting it.

The last question pertains to a witness named Witt, who lived near the Hisle home and observed the activities of Bogie, Hughes and Curtis in and around the premises at the time the mower and tiller were taken, and who reported the incident by telephone to the local sheriff. He was called as a witness by the Commonwealth and recited what he had seen and done upon the occasion in question. Later, during presentation of the case for the defense, and after both Bogie and Hughes had testified, defense counsel called Witt to the stand and asked him one question, "Have you been convicted of a felony?" An objection by the Commonwealth was sustained, and he was not permitted to answer. By avowal it was shown that he had been convicted of a felony, but not what felony.

Whether it was an error not to permit the defense to put Witt on the stand for the purpose of impeachment under CR 43.07 we need not decide, because in any event it could not have been prejudicial. Bogie and Hughes both testified, and in their testimony they admitted the facts to which Witt testified. Witt's credibility therefore was utterly immaterial.

The judgment is affirmed.

All concur.