## Maddox *et al. vs.* Cole.

1. There is sufficient evidence to sustain the verdict, and it is not contrary to law.
2. After both sides have closed their testimony, it is in the discretion of the court as to whether the case may be reopened for new testimony. This discretion is not abused where, by the exercise of proper diligence, the witness whose introduction is refused could have been brought to court in time, at least could have been reached with a *subpœna,* and if he failed to appear, a motion could have been made to continue the case because of his absence.

May 21, 1888.

New trial. Practice. Reopening case. Diligence. Before Judge BOYNTON. Spalding superior court. August term, 1887.

The 6th ground of the motion for a new trial complained of the following as error: Cole had sworn that certain books were books of original entry, kept partly by Porter, who was in Alabama, and partly by Richardson, who was dead. The books were afterwards introduced in evidence. One of plaintiff's counsel argued to the jury that, while there was conflict in the evidence, the preponderance was with plaintiff; stating that Cole's testimony would offset that of Maddox, but plaintiff had the testimony of Porter, and the sworn testimony of Richardson, a good old man, who was

dead, etc. As to said ground, the court made this explanation: Judge Stewart (one of defendant's counsel) had referred to the character and standing of Richardson, and had insisted that he had not given evidence in the case except by entry on books. Opposing counsel spoke in high terms of Richardson and insisted that his testimony ought to be considered. When counsel for defendant interrupted, counsel for plaintiff stated that Richardson had not been sworn but he had made entries on books, and the books had been introduced. With this explanation on both sides, the court did not interfere.

STEWART & DANIEL and F. D. DISMUKE, for plaintiff in error.

E. W. HAMMOND, *contra.*

SIMMONS, Justice.

Cole sued W. V. and A. J. Maddox in the court below on an account for guano. On the trial of the case, the jury found a verdict for Cole. Maddox made a motion for a new trial, which was overruled by the court, and he excepted. The first three grounds are the usual ones, that the verdict was contrary to law, to the evidence and the weight of evidence.

1. In our opinion there is no merit in these three grounds. There is sufficient evidence to sustain the finding of the jury. The verdict is not contrary to law, nor is it against the weight of evidence.

2. The 4th ground complains, in substance, of the refusal of the court to allow Alex. Eason to testify for the defendants. It appears from the record that the testimony for the plaintiff and the defendant had been closed, and after both parties had announced closed,

Eason was brought into court and offered as a witness. The defendants stated "that they knew all the time that they could prove certain facts by the witness; that he lived in the county, but that they had not been able to *subpœna* him or get him into the court until then." The court refused to allow him to be sworn; and this is complained of as error.

After both sides have closed their testimony in the case, it is in the discretion of the court to allow the case to be reopened or not. This court will not undertake to control that discretion unless it has been abused. It was not abused in this case. By the exercise of proper diligence, this witness could have been brought to the court in time,—at least, could have been reached with a *subpœna*; and if he failed to appear and his testimony had been material, a motion could have been made to continue the case on account of his absence. The parties in this case went to trial without him. The plaintiff introduced his testimony and the defendants replied; the plaintiff introduced testimony in rebuttal, and the defendants in surrebuttal, and both sides announced to the court that the case was closed; and we cannot say that he erred in refusing to allow this witness to testify at that stage of the case.

The 5th and 7th grounds of the motion are not approved by the court below, and hence cannot be considered by us. There is no error in the 6th ground of the motion, as it is explained by the judge.

Judgment affirmed.