### 3689. PONDER *v.* THE STATE.

A juror who has agreed to a verdict may dissent from it at any time before it has been received by the court. A verdict should not be received when, upon the defendant's exercise of his right to poll the jury, it appears that a juror has not freely and voluntarily agreed to it, or that for any reason it is not the unanimous conclusion of the jury.

DECIDED APRIL 16, 1912.

Accusation of sale of liquor; from city court of Zebulon—Judge Dupree. August 11, 1911.

*H. O. Farr*, for plaintiff in error. *E. M. Owen, solicitor*, contra.

RUSSELL, J. The evidence authorized the conviction, and for that reason any discussion of the usual general grounds of the motion for a new trial is useless. However, a special assignment of error presents a point of great importance, and the determination of the question presented, in our judgment, requires the grant of a new trial. When the jury returned the verdict of guilty the defendant demanded, as was his right, that the jury be polled, and two of the jurors answered that while they consented to the verdict, they did not do so freely and voluntarily. In our judgment the court should have instructed the jury to further consider the case; and if a voluntary and unanimous agreement could not be reached, a mistrial should have been declared. Under our law no one can be deprived of his life, liberty, or property, except upon the unanimous verdict of the jury impaneled to pass upon the issue.

The identical question which arises in this case was not presented in any of the prior decisions of this court or of the Supreme Court which have been cited. We have found no ruling in this State which would have the effect of denying one accused of crime the right to demand that he be deemed innocent until his guilt is established to the satisfaction of the entire jury impaneled to try him. Any diminution of this right would work a great innovation in jury trials, and, in our judgment, seriously impair the right of trial by jury. The ruling in *Dyson* v. *State,* 72 *Ga.* 206, is not in point, because there was in that case merely an effort on the part of the jurors to impeach their finding by attempting to show that the verdict was made under a misapprehension as to the effect of a recommendation to mercy. The rule is uniform that the jurors will not be heard to impeach a verdict in which they participate. In the present case the statement of the juror was made on a poll of the jury, that the verdict, though agreed to by him, was not freely and voluntarily made. The verdict was not complete, because the statement was made upon the poll of the jury. It was not an attempt to impeach a verdict, but a declaration going to show that no verdict had actually been reached.

We were at first inclined to think that the decision of the present case was controlled by the ruling in the case of *Parker* v. *State,* 81 *Ga.* 332, 335 (6 S. E. 600, 601), in which the Supreme Court said: "There was no error in overruling the motion upon the 6th ground thereof, to wit: that one of the jurors when polled answered that he had agreed to the verdict, but had agreed to it reluctantly. If a juror agrees to a verdict, that in law is sufficient. If verdicts are to be set aside because some of the jurors agree to them reluctantly, very few verdicts in important cases would be allowed to stand. The law does not inquire as to the degree of reluctance or willingness with which a juror's mind assents to the verdict. Its only inquiry is, does he agree to it? If he does, that is sufficient." However, upon more mature consideration and upon a reading of the opinion in State *v.* Austin, 6 Wis. 205, we are convinced that there is a great difference between agreeing reluctantly to a verdict and so unwillingly consenting to a verdict as to seize the first proper opportunity to declare that fact. To agree to a verdict reluctantly involves the idea that, however reluctant the juror may be, and no matter to what the reluctance may be due,

the feeling is one of internal consciousness within the juror's own control, and the issue is finally determined (no matter how reluctantly) by the juror himself. But when the juror states that his assent to a verdict of guilty was not freely and voluntarily given, it is necessarily to be implied that his concurrence was due to external pressure, not to his own volition, but to the volition of another, substituted in place of his own. The juror in the present case had no opportunity of explaining to the court the acts or conduct of the jury, or his own act in the jury-room; so neither the trial judge nor the court has any means of knowing exactly what was meant by the statement that he did not freely and voluntarily consent to the verdict; but, prima facie, this statement is enough to raise the inference that the finding of the jury was not concurred in by each of the jurors, and, this being true, there was no legal verdict.

*Judgment reversed. Pottle, J., not presiding.*