### 16649.   SUTTON *v.* THE STATE.

LUKE, J.  1. The defendant was convicted of simple larceny. He was found in possession of certain property proven to have been stolen. Under proper instructions from the court and a sufficiency of evidence to warrant the finding, the jury concluded that he did not satisfactorily explain his possession of the stolen property. This court will not disturb the verdict.

2. There was no error in the court's refusal to continue the case because of an absent witness. Two other witnesses for the defendant testified to the same state of facts to which the absent witness, according to the contention of the defendant, would have testified had she been present.

3. Upon a poll of the jury one juror said the verdict "was not freely and voluntarily made, but I agreed to it after awhile." Upon further and thorough questioning the juror stated that no force or coercion was used on him to procure his agreement to the verdict, and that he did agree and consent to the verdict. This is no cause for a new trial. "If a juror agrees to a verdict, that in law is sufficient. If verdicts are to be set aside because some of the jurors agree to them reluctantly, very few verdicts in important cases would be allowed to stand. The law does not enquire as to the degree of reluctance or willingness with which a juror's mind assents to the verdict. Its only enquiry is, does he agree to it? If he does, that is sufficient." *Parker* v. *State,* 81 *Ga.* 334 (5) (6 S. E. 601). In the case under consideration the juror was given an opportunity to state, and the court an opportunity to know, the reason why the juror did not freely and voluntarily agree to the verdict, and what was meant by the statement in question. This fact is what distinguishes it from the case of *Ponder* v. *State,* 11 *Ga. App.* 60 (74 S. E. 715), cited by plaintiff in error.

4. It suffices to say that there is no merit in the other special grounds of the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED NOVEMBER 10, 1925.

Simple larceny; from Laurens superior court—Judge Camp. June 15, 1925.

*Hightower & New,* for plaintiff in error.
*Fred Kea, solicitor-general,* contra.