## Cannon v. Commonwealth.

June 5, 1942.

Guy L. Dickinson, J. J. Tye and J. Milton Luker for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The appellant was convicted of murdering Bill Wilson and sentenced to life imprisonment. The defense was that he shot Wilson under the justifiable belief that it was necessary to do so in order to save his own life. The evidence was such that reasonable men might differ as to whether the homicide was justifiable or felonious.

On the reading of the verdict appellant's counsel demanded that the jury be polled whereupon, according to the bill of exceptions:

"* * * one of the jurors, viz: Joe Moore, in response to the question; 'Is that your verdict?' said to the court a second time, 'It is not my verdict, I did agree to it, but I didn't want to do it, it was against my will.' And again the Court asked, Is that your verdict now, and he said it is, but it is against my will."

Included among the grounds on which a new trial was sought below, and urged upon us as of sufficient import to require a reversal of the judgment appealed from, was the error of the Trial Court in accepting the verdict after it had been disclosed by the poll that it was not unanimous in the sense that it denoted the belief of all twelve jurors that the appellant was guilty. Obviously, if the verdict was against the will of one of the jurors, it was not his verdict, and hence did not meet the requirement, fundamental in our concept of freedom, that one may not be deprived of his life or liberty unless twelve of his peers believe him guilty of a specific crime beyond a reasonable doubt. The Federal Constitution affords this protection to those charged with offenses against the United States; and Section 7 of the Kentucky Constitution provides:

"The ancient mode of trial by jury shall be held sacred, and the right thereof remain inviolate, sub-

ject to such modifications as may be authorized by this Constitution."

The only modification is that found in Section 248 which permits a jury of six in civil and misdemeanor cases in courts inferior to circuit courts, and a verdict by nine of twelve jurors in civil actions in circuit courts. By the express provisions of Section 267 of the Criminal Code of Practice, a verdict may not be received if, upon a poll of the jury, "one answer in the negative."

The authorities are agreed that mere reluctance on the part of a juror to visit punishment upon his fellow man, disclosed by his statement when the jury is polled, does not invalidate the verdict, provided the juror announces his assent. But here, there was more than mere reluctance. As said by the Georgia Appellate Court in the case of Ponder v. State, 11 Ga. App. 60, 74 S. E. 715, 716, the only case which we have been able to find in which the juror's statement paralleled the juror's statement in the case at bar:

"To agree to a verdict reluctantly involves the idea that, however reluctant the jury may be, and no matter to what the reluctance may be due, the feeling is one of internal consciousness within the juror's own control, and the issue is finally determined (no matter how reluctantly) by the juror himself. But when the juror states that his assent to a verdict of guilty was not freely nor voluntarily given, it is necessarily to be implied that his consent is due to external pressure, and that his concurrence is not due to his own volition, but to the volition of another substituted in place of his own.

"The juror in the present case had no opportunity of explaining to the court the acts or conduct of the jury, or his own act in the jury room; so neither the trial judge nor this court has any means of knowing exactly what was meant by the statement that he did not freely and voluntarily consent to the verdict. But, prima facie, this statement is enough to raise the inference that the finding of the jury was not concurred in by each of the jurors, and this being true there was no legal verdict."

So aptly does the reasoning of the Georgia Court express our views that it is unnecessary for us to do more than note our approval.

All questions presented by brief and not disposed of by this opinion are reserved.

Judgment reversed with directions to grant appellant a new trial.

Whole Court sitting.