## COOMER v. COMMONWEALTH.

Court of Appeals of Kentucky.
March 23, 1951.

O. J. Cockrell, Jackson, for appellant.

A. E. Funk, Atty. Gen., Guy L. Dickinson, Asst. Atty. Gen., for appellee.

CAMMACK, Chief Justice.

Ed Coomer was convicted on a charge of carrying concealed a deadly weapon and sentenced to serve two years in the penitentiary. He is appealing on the grounds that (1) the evidence is insufficient to support the verdict; and (2) the court erred in refusing to grant a new trial because one member of the jury stated, on a poll being taken, that he was forced to sign the verdict.

There were two witnesses for the Commonwealth in chief, Sarah Johnson and Jimmy Johnson, her husband. Both testified the appellant came to their home at night, in the company of Eliza Spicer, sister of Sarah Johnson, and that he took out a pistol and then put it away. There was some conflict in their testimony, Sarah Johnson having said the pistol was blue, Jimmy Johnson having said it looked bright. Sarah testified that they had no fire in the house; Jimmy said the fire had died out. Sarah said it had been raining; Jimmy said it was not raining.

The appellant denied going to the Johnson home or being in the company of Eliza Spicer. His testimony was supported by that of Eliza Spicer, who said the Johnsons were trying to extort money from him.

In rebuttal, the Commonwealth introduced the testimony of Eliza's mother and father, Green and Cappie Spicer, to impeach Eliza's testimony. They said Eliza told them she had gone to the Johnson home with the appellant. The evidence was conflicting, but it was sufficient to take the case to the jury.

The Bill of Exceptions recites: "That after the jury returned the verdict in open court counsel for the defendant asked the court to take a poll of the jury and that in so doing one James T. Little, who was a regular member of the jury, stated that he did not sign the verdict but that he was forced to sign the verdict, but that later when the court questioned him further about the verdict he said that he signed it but that he was forced to sign it; that at that time counsel for the defendant asked permission to interrogate the juror upon the verdict returned but that the court refused to go back of the signed verdict and permit the matter to be fully heard in open court; that counsel objected and excepted to the court's ruling thereon and still objects and excepts."

The appellant urges that this is reversible error, but cites no authority on the question. The Commonwealth has directed our attention to Cannon v. Commonwealth, 291 Ky. 50, 163 S.W.2d 15. In that case, on the poll of the jury, one of the jurors said: "'It is not my verdict, I did agree to it, but I didn't want to do it, it was

against my will.'" We held that the unanimity of the jury, as required by the Constitution of Kentucky, Section 7, and Section 267 of the Criminal Code of Practice, was violated. See also Johnson v. Commonwealth, 308 Ky. 709, 215 S.W.2d 838.

■ The rule of the Cannon case is controlling here. The lower court should have granted the appellant a new trial.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.