Frank A. BARNETT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 12, 1962.

Robert M. Short, Owensboro, for appellant.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

This is an appeal from a judgment of the Daviess Circuit Court refusing to release appellant from custody after a hearing upon a writ of habeas corpus.

The petition for habeas corpus alleged that appellant was being unlawfully detained in the county jail to answer charges contained in an indictment upon which he had been previously placed in jeopardy. The response, in effect, stated that appellant was being held in jail pursuant to a valid court order. The trial judge in reaching his conclusions specifically found that there was no merit to appellant's claim of former jeopardy.

█ The plea of former jeopardy is an affirmative defense in a criminal prosecution and it can only be raised in accordance with section 164 of our Criminal Code. Little v. Commonwealth, 197 Ky. 320, 247 S.W. 2; Roberson's New Kentucky Criminal Law and Procedure, section 152, pages 239–241. In Etherton v. Jones, Ky., 350 S.W.2d 151, we said that even if former jeopardy were established it would not void the judgment and therefore could not be considered as a ground for relief in a habeas corpus proceeding. (For a full discussion, see Annotation, 8 A.L.R.2d 285).

█ While the circuit court correctly refused to release appellant from custody, the court should not have decided in this proceeding whether appellant had been previously placed in jeopardy. If properly raised upon trial on the indictment, the

merits of the defense of former jeopardy should then be decided.

Hence, the circuit court will modify the judgment to conform with this opinion.

As modified, the judgment is affirmed.