Can Martin HALL, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

April 29, 1966.

James D. Atkinson, Jr., Greenup, for appellant.

Robert Matthews, Atty. Gen., Robert D. Preston, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

Can Martin Hall was convicted of contributing to the delinquency of a minor, one Geraldine Barrett, aged 17 years. KRS 208.020(3) (a). He was fined $50 and sentenced to serve twelve months in jail. On appeal he contends that the statute is unconstitutional; a conviction in an Ohio court is a bar to this prosecution; and the verdict was not unanimous.

Complaint is made that the statute does not contain a definition of "delinquency" and does not define what acts under the statute are criminal offenses with sufficient clarity to permit an adequate defense. This same objection was rejected in McDonald v. Commonwealth, Ky., 331 S.W.2d 716, in discussing KRS 199.320(1) which has been re-enacted as KRS 208.020 (3) (a). There is no need to elaborate on what was said there. However, there is yet another answer to this complaint. Nothing in the record indicates that appellant availed himself of a bill of particulars under RCr 6.22 in order to secure the necessary information as to the offense in order to understand and prepare his defense. Unless the motion for a bill of particulars has been denied or the bill of particulars is inadequate, a defendant will not be heard to

complain that he does not know with what he is charged. See Brown v. Commonwealth, Ky., 378 S.W.2d 608.

The testimony introduced on the trial is not contained in this record. Appellant contends that his conviction on a charge of contributing to the delinquency of a minor in the Juvenile Court of Scioto County, Ohio, should be a bar to this conviction. This plea was made for the first time, according to the record, after the trial in the Greenup Circuit Court on September 30, 1965.

■ There are several reasons why the Ohio conviction, in the state of the record here, is not a bar. The plea was made too late. Barnett v. Commonwealth, Ky., 361 S.W.2d 284. The copy of the Ohio judgment does not in any way identify it as dealing with Geraldine Barrett and does not conform in any way with the requirements of the rule against double jeopardy as set forth in McIntyre v. Commonwealth, 154 Ky. 149, 156 S.W. 1058. Further, on appeal in the absence of a transcript of the testimony it is presumed that the verdict was supported by the evidence. Napier v. Commonwealth, Ky., 298 S.W.2d 690. Appellant's argument that the delinquency was a continuing course of conduct culminating in the Ohio conviction overlooks the fact that such portion of the conduct occurring in Greenup County, Kentucky, and contributing to the delinquency of the minor could be prosecuted in Greenup County. There is no merit in this contention.

According to the affidavit filed in support of appellant's motion for a new trial, two jurors said:

" * * * that after the verdict was returned and read by the Judge, the jury was polled individually, and that when we were asked if it was our verdict, we each replied, in substance, that we had agreed to it against our better judgment."

Appellant contends that such expression by the jurors indicates that the verdict was not unanimous. Reliance is placed on Cannon v. Commonwealth, 291 Ky. 50, 163 S.W.2d 15, wherein the juror when polled said:

" 'It is not my verdict, I did agree to it, but I didn't want to do it, it was against my will.' And again the Court asked, Is that your verdict now, and he said it is, but it is against my will."

■ Accepting the statement in appellant's brief the jury first returned the verdict and "ordered" the jail sentence suspended. The trial judge advised the jury that they could recommend suspension but could not order it. The jury was sent back to the jury room and after a time they returned the verdict with a recommendation of suspension. When the jury was then polled the two jurors answered as has been indicated. The judge then advised the jury that their recommendation would not be accepted and he discharged the jury. Such a recommendation is surplusage and may properly be disregarded by the court. Winburn v. Commonwealth, 181 Ky. 183, 203 S.W. 1073; Hall v. Commonwealth, 283 Ky. 778, 143 S.W.2d 495.

■ Coomer v. Commonwealth, Ky., 238 S.W.2d 161, is also cited. An examination of that case shows that the juror "was forced" to sign the verdict. In each of the cases cited the juror agreed to the verdict involuntarily—"against my will" or "forced." In the present case the two jurors merely said that they had agreed to the verdict against "our better judgment." This does not connote that it was involuntarily done. When the jury returned to the jury room they could have then returned a verdict of not guilty or any other verdict that they could agree on, or the two jurors could have declined to agree to any verdict. There is no suggestion here that either juror was deprived of an iota of freedom of action in agreeing to the verdict returned. The cases relied on are inapplicable.

The motion for an appeal is overruled and the judgment is affirmed.