McKinley **FLEMING**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 20, 1967.

Harry M. Caudill, Whitesburg, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Appellant was convicted of grand larceny (stealing copper wire) under KRS 433.220 and sentenced to three years in the state penitentiary. On appeal he raises two questions for consideration.

At the trial the Commonwealth relied on the presumption of guilt created by virtue of appellant's proven possession of the stolen property. See Chaney v. Commonwealth, Ky., 307 S.W.2d 770.

Appellant's evidence consisted of his own testimony and that of five corroborating witnesses. He testified that one afternoon he took a load of coal to the home of Raymond and Louise Davis in McRoberts and while there a Jason Benge and Gay Bates showed him the wire and offered to sell it to him. This story was supported by Mr. and Mrs. Davis. Appellant testified he then drove back to Jenkins and that Bates and Benge followed him shortly thereafter. Russell Wyatt and Bobby Wyatt, cousins of appellant, and Chase Johnson, nephew of appellant, were at his home. They corroborated appellant's testimony that he inspected and bought the wire from Bates and Benge that night. The whereabouts of Bates and Benge is unknown.

Appellant asserts on appeal that the possession of stolen property creates only a rebuttable presumption of guilt, rather than a conclusive one, and since he rebutted the presumption by unimpeached and uncontradicted witnesses, there was not sufficient evidence to sustain a conviction. He cites Rogers v. Commonwealth, 289 Ky. 83, 158 S.W.2d 144.

In the Rogers case the defendant was convicted of stealing hogs and the Commonwealth proved only that he had them in his possession. Three disinterested witnesses corroborated defendant's testimony that he had bought the hogs from an unknown third person. Two testified that the third person had sought to sell them these hogs, and the other said he loaned the defendant money to make the purchase. Six other witnesses testified that defendant's character and reputation had always been good. This case was so strong for the defendant that the attorney general frankly admitted the evidence was insufficient to sustain a conviction, which the court decided.

In the case at bar the evidence of appellant is not contradicted in the main, yet the credibility of the testimony is questioned.

Appellant operated a junk yard, but did not keep any record of his purchase of the copper wire as specifically required by KRS 365.251. His failure to comply with this statute casts a shadow on the alleged transaction. In addition, the witnesses for the defense could not arrive at any exact date in December when appellant allegedly bought the wire. Appellant stated it was sometime late in December. Louise Davis testified it was in December, sometime before Christmas. Russell Wyatt testified it was early in the month, about the tenth of December. Bobby Wyatt testified it was around the eighth of December.

Two of the witnesses were friends of appellant; two were cousins, and one was a nephew.

Furthermore, on arrest, appellant was unable to identify from whom he had purchased the wire. Yet, at the trial it appeared he knew the names of both of the boys from whom the purchase was allegedly made, and had known Benge for a considerable time.

In Crouch v. Commonwealth, Ky., 249 S.W.2d 540, where on arrest the accused's story about how he had obtained a stolen car was different from that which he gave at the trial, the court held that the jury was not compelled to accept his explanation as

**756**

true, even though uncontradicted by the Commonwealth.

In Burke v. Commonwealth, Ky., 249 S.W.2d 764, it was held the accused was not entitled to a directed verdict even though his testimony was uncontradicted since that testimony may be discredited in light of the circumstances surrounding it.

■ It is stated in Bower v. Commonwealth, Ky., 357 S.W.2d 333, 336:

"If such a person's evidence does not establish conclusively that he came by the appropriated property in a blameless manner, his mere retention of the stolen property under the circumstances not only warrants the submission of the case to the jury but likewise is sufficient to sustain a verdict of conviction."

■■ We think that here the jury could well believe appellant did commit the offense in view of the circumstances heretofore mentioned, since they were not under any obligation to believe the accused or his witnesses, or that he came by the property in a blameless manner. Therefore we think the trial court was correct in submitting the case to the jury.

■ The other contention is that a new trial should have been granted because the trial court erred in receiving the verdict of the jury when one of the jurors, upon being polled, stated that she "guessed" it was her verdict. To establish an absence of unanimity, upon being polled the juror must connote that the verdict was given by her involuntarily, or forced upon her, or against her will. A showing of mere reluctance is not enough. See Cannon v. Commonwealth, 291 Ky. 50, 163 S.W.2d 15, and Coomer v. Commonwealth, Ky., 238 S.W.2d 161. In Hall v. Commonwealth, Ky., 402 S.W.2d 701, two jurors stated the verdict was against their "better judgment" and it was held a new trial should not be granted.

■ The words "I guess so" fall within the realm of mere reluctance, rather than

indicating the juror's vote was against her will or was involuntary. Therefore, we believe the verdict of the jury was unanimous and correctly received, and that the trial court properly overruled appellant's motion for a new trial on this ground.

The judgment is affirmed.

All concur.