**Daniel T. HART, Appellant,**

v.

**COMMONWEALTH of
Kentucky, Appellee.**

No. 87–CA–2064–MR.

Court of Appeals of Kentucky.

April 21, 1989.

Daniel T. Hart, Louisville, pro se.

Frederic J. Cowan, Atty. Gen., David K. Martin, Asst. Atty. Gen., Frankfort, for appellee.

Before CLAYTON, DUNN and REYNOLDS, JJ.

REYNOLDS, Judge.

This appeal is from the judgment and sentence of Jefferson Circuit Court entered upon a jury verdict finding Daniel Thomas Hart guilty of unlawful imprisonment in the second degree and fixing punishment at jail confinement for 12 months and a $500 fine. Hart seeks reversal of his conviction on the grounds that the trial court improp-

erly refused to give a jury instruction on harassment as a lesser included offense of first-degree unlawful imprisonment and accepted the guilty verdict under the instruction on second-degree unlawful imprisonment under circumstances suggesting that the verdict was not unanimous. Finding no error, we affirm.

■ The first issue to be decided is whether harassment is a lesser included offense of unlawful imprisonment and, if so, whether Hart was entitled to a jury instruction on harassment under the facts and circumstances of this case. Hart contends that the trial court erred by instructing the jury as to the lesser included offense of second-degree unlawful imprisonment without also giving an instruction on harassment because there was evidence upon which a jury could have found that he committed the crime of harassment but was not guilty of first-degree or second-degree unlawful imprisonment. This argument has no merit and, in fact, begs the question. The fact that evidence at trial could support a guilty verdict on an uncharged offense that is less serious in nature or less difficult to prove than a charged offense does not establish that the former is a lesser offense which is necessarily included in the latter.

■ In Kentucky, a statutory definition of the phrase, "included offense," is found in KRS 505.020(2) which has the dual purpose of limiting the permissibility of multiple convictions and setting forth the circumstances under which conviction of an offense not expressly named in the charging instrument is appropriate. This provision reads as follows:

(2) A defendant may be convicted of an offense that is included in any offense with which he is formally charged. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(b) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

(c) It differs from the offense charged only in the respect that a lesser kind of culpability suffices to establish its commission; or

(d) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest suffices to establish its commission.

Section (2)(a) is nothing more than the well-established proposition that a charged offense necessarily *includes* an uncharged lesser offense if the "lesser offense" involves fewer of the same constituent elements than the charged greater offense so that "the proof necessary to establish the greater offense will of necessity establish every element of the lesser offense." *See 1988 Criminal Law of Kentucky*, commentary on KRS 505.020(2) at 604; 75 Am. Jur.2d *Trial* § 422 (1974). As our state's highest court observed in *Polk v. Commonwealth*, Ky., 679 S.W.2d 231 (1984), it simply codifies the rule laid down in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which states that "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182. It is now well-recognized that this *"Blockburger* rule" focuses on "the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence at trial." *Illinois v. Vitale*, 447 U.S. 410, 416, 100 S.Ct. 2260, 2265, 65 L.Ed.2d 228 (1980); *Brown v. Ohio*, 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977); *Iannelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616 (1975); *Polk*, 679 S.W.2d at 233; *see also Hunt v. Commonwealth*, Ky., 338 S.W.2d 912, 914 (1960). Thus, in determining whether one offense is a lesser included offense of another, the critical question is whether "each *statute* requires proof of an additional fact which the other does not," 432 U.S. at 166, 97 S.Ct. at 2225, and not whether the evidence actually introduced at trial could be relied on to prove the elements of both offenses.

In the instant case, therefore, the critical question before us is whether the statutory definitions of unlawful imprisonment and harassment require proof of an additional fact which the other does not. KRS 509.-020(1) states that a person is guilty of unlawful imprisonment in the first degree when one "knowingly and unlawfully restrains another person under circumstances which expose that person to a risk of serious physical injury." Similarly, KRS 509.-030(1) states that "[a] person is guilty of unlawful imprisonment in the second degree when he knowingly and unlawfully restrains another person." With regard to either offense, KRS 509.010(2) defines "restrain" as follows:

> to restrict another person's movements in such a manner as to cause a substantial interference with his liberty by moving him from one place to another or by confining him either in the place where the restriction commences or in a place to which he has been moved without consent. A person is moved or confined "without consent" when the movement or confinement is accomplished by physical force, intimidation, or deception, or by any means, including acquiescence of a victim, if he is under the age of sixteen years, or is substantially incapable of appraising or controlling his own behavior.

On the other hand, KRS 525.070(1) defines harassment as follows:

> A person is guilty of harassment when with intent to harass, annoy or alarm another person he:
>
> (a) Strikes, shoves, kicks or otherwise subjects him to physical contact or attempts or threatens to do the same; or
>
> (b) In a public place, makes an offensively coarse utterance, gesture or display, or addresses abusive language to any person present; or
>
> (c) Follows a person in or about a public place or places; or
>
> (d) Engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.

 Given these statutory definitions, we conclude that harassment is not a lesser offense *necessarily included* in the offense of unlawful imprisonment in the first or second degree. Although evidence of actual or threatened physical force or contact by the accused certainly can be relied on to prove an element of each offense, proof of these offenses does not always involve such evidence. More importantly, both offenses of unlawful imprisonment require proof of the additional fact of *substantial interference with liberty* of another whereas the offense of harassment requires proof of the additional fact of *intent to harass, annoy or alarm* another person. Thus, one need not have the intent to harass to be found guilty of knowingly and restraining another. To be sure, actual or threatened physical contact made with the intent to harass *so as to restrain* another would constitute evidence that supports convictions for both harassment and unlawful imprisonment and, if the Commonwealth actually relies on and seeks to prove the defendant's *commission of the offense of harassment* as the act that accomplished the victim's restraint, then it might be said that, under this unique set of facts, harassment is a lesser included offense of unlawful imprisonment. *See Illinois v. Vitale*, 447 U.S. at 421, 100 S.Ct. at 2267. From our viewing of the videotaped record of the trial, however, we cannot find that these special circumstances clearly existed in the instant case. Accordingly, we conclude that the trial court's refusal to give a harassment instruction was not reversible error.

 The second issue raised on appeal is whether the trial court improperly accepted a unanimous guilty verdict under the instruction on unlawful imprisonment in the second degree even though the jury had to deliberate further on the instruction after a polling of the jury following their initial return of a guilty verdict revealed that one juror was ambiguous in her position. Hart argues that the trial court erred by overruling his motion for a mistrial after the fifth juror to be polled gave her ambiguous response and by not interviewing this juror at some length to determine

whether the second guilty verdict was, in fact, unanimous. We disagree. Under KRS 29A.320(3)(e), the trial court clearly was authorized to send the jury back for further deliberations after the initial jury poll revealed the fifth juror's ambiguous opinion and the second poll of the entire jury revealed no lack of unanimity. To establish an absence of unanimity, upon being polled, a juror must connote that the verdict was given involuntarily or was forced upon him or against his will. *Fleming v. Commonwealth*, Ky., 419 S.W.2d 754 (1967). None of the jurors indicated any coercion and the trial court clearly had no duty to interrogate the fifth juror at length simply because she previously had expressed some misgivings or misunderstanding as to the initial guilty verdict.

The judgment and sentence of Jefferson Circuit Court is affirmed.

All concur.