**Oliver GLASS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 88–CA–748–MR.**

Court of Appeals of Kentucky.

May 5, 1989.

R. Allen Button, Gittleman Bleidt & Barber, Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, LESTER and WILHOIT, JJ.

HAYES, Judge.

Oliver Glass appeals from a judgment entered in Christian Circuit Court convicting him of second-degree criminal abuse and giving him a probated one-year sentence.

Appellant was indicted on September 9, 1987 for second-degree criminal abuse, arising out of the beating of a mentally ill patient at Western State Hospital while appellant worked there as a patient aide. When the jury returned a verdict of guilty, appellant requested that the jury be polled. Appellant now argues that the following juror's verdict was not unanimous and that he is entitled to a new trial.

THE COURT: Dorothy Howell, is this your verdict?

MRS. HOWELL: I did have some doubt.

THE COURT: Did you agree to this verdict?

MRS. HOWELL: On a lesser charge.

THE COURT: There was only one charge that was presented under the instructions.

MRS. HOWELL: Second degree is less that the first, isn't it.

THE COURT: Yes.

MR. BURMAN: Judge, I'd like an opportunity to voir dire Mrs. Howell a little bit further as to her conviction and her verdict.

THE COURT: No. sir. I'll overrule your motion.

Appellant maintains that this uncertainty prompted the necessity for further deliberations or for a new trial, citing *Pulliam v. State of Mississippi*, 515 So.2d 945 (Miss.1987), and *Cannon v. Commonwealth*, 291 Ky. 50, 163 S.W.2d 15 (1942). The appellant, however, failed to request either of these remedial actions. Instead, he requested to voir dire the juror. No authority has been cited which would permit this action. RCr 9.38 is applicable to conduct examination of *prospective* jurors only. Even then examination by the attorneys is a privilege, not a right, and is left to the trial court's discretion. *McIntosh v. Commonwealth*, Ky.App., 582 S.W.2d 54 (1979).

Generally, mere reluctance on the part of a juror to convict a defendant, disclosed by his statement when the jury is polled, does not invalidate the conviction, provided he announces his assent.

> To agree to a verdict reluctantly involves the idea that, however reluctant the jury may be, and no matter to what the reluctance may be due, the feeling is one of internal consciousness within the juror's own control, and the issue is finally determined (no matter how reluctantly) by the juror himself.

*Cannon v. Commonwealth, supra,* quoting *Ponder v. State*, 11 Ga.App. 60, 74 S.E. 715, 716 (1912). In cases where mistrials have been declared, or new trials held, because of the answer by a juror during a jury poll, courts generally hold that the response of the juror indicated a lack of free and voluntary assent, or that the juror entertained considerable doubt about the defendant's guilt. Other cases, however, have held that where the juror's answer indicates that he assented to the verdict, although with some reservations or reluctance, the trial court's concern is whether the juror did in fact assent, and the court does not delve into the exact degree of the juror's reluctance. Annot. 25 A.L.R.3d 1149 (1969). The trial judge determines the degree of voluntary assent from the exact words of the jury, and from the circumstances, including the juror's demeanor. The court's determination on this issue will not be disturbed absent extraordinary circumstances compelling a contrary conclusion. *Id.* at 1152.

■ In this case, the appellant failed to make a request to the trial court that the jury either deliberate further or declare a mistrial. The issue is therefore unpreserved for review. In any event, the juror assented to her verdict on second-degree criminal abuse, and there was no coercion or pressure exerted by the trial court during the inquiry. Her initial ambiguous expression of doubt was cured by her subsequent unequivocal answer that she assented to a guilty verdict on second-degree criminal abuse. *People v. Preston,* 76 Ill. 2d 274, 29 Ill.Dec. 96, 391 N.E.2d 359 (1979). Appellant has not stated any circumstance which would compel a contrary conclusion, and the trial court's decision will not be disturbed. Juror polls resulting in far more questionable answers than her's have been liberally upheld. *Emmert v. State,* 127 Ohio St. 235, 187 N.E. 862 (1933). ("I didn't want to sign it that way" cured by "I signed it, yes sir" when court asked whether that was her verdict. And "Mine is because the majority rules is all" held cured by "It is my signature and my verdict, yes.") *Watts v. State,* 142 Ga.App. 857, 237 S.E.2d 231 (1977). (Verdict upheld where juror replied that verdict was "with question.") *People v. Bradley,* 233 N.W.2d 177 (1975). (Verdict upheld where juror replied "I couldn't come to terms with the rest, so I decided I would vote guilty" cured by juror's affirmation that she had voted guilty.) The trial court did not abuse its discretion.

Accordingly, the judgment of the Christian Circuit Court is affirmed.

All concur.