Tonya CHESER, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

No. 93–CA–1823–MR.

Court of Appeals of Kentucky.

Dec. 23, 1994.

Rehearing Denied March 3, 1995.

Discretionary Review Denied by Supreme Court Sept. 13, 1995.

David J. Niehaus, Louisville, for appellant.

Chris Gorman, Atty. Gen. and Michael L. Harned, Asst. Atty. Gen., Frankfort, for appellee.

Before LESTER, C.J., and GARDNER and SCHRODER, JJ.

### OPINION REVERSING
### and REMANDING

GARDNER, Judge:

Appellant, Tonya Cheser (Cheser), appeals from her first-degree manslaughter (manslaughter I) conviction in Jefferson Circuit Court. Cheser contends that the circuit court erred by not instructing the jury on the crime of concealment of the birth of an infant and on the mistake of fact defense. After carefully reviewing the record and the applicable law, this Court must reverse and remand because of the circuit court's failure to instruct the jury on the mistake of fact defense.

The events leading to Cheser's indictment and conviction occurred on December 17, 1991. Cheser lived with her mother and step-father. She had a baby girl which her mother and step-father helped support. On December 17 at around 5:00 pm Cheser was alone in the bathroom of the apartment where she and her parents lived. She was experiencing abdominal cramps and apparently took a hot bath. Following this, Cheser maintains that she attempted to have a bowel movement and to her surprise, she gave birth to a baby girl. She maintained that she did not know that she was pregnant nor did her parents know. She also maintained that she believed the baby was dead from the moment she first saw it. The Commonwealth presented medical evidence that the baby had been born alive based upon the existence of air in the baby's lungs and stomach and small hemorrhages on its skin. The Commonwealth presented evidence of trauma to the baby's neck indicating that the baby died as a result of sudden asphyxiation. Cheser apparently put the baby's body in the bathroom trashcan and placed the trashcan in her bedroom closet. Her mother later discovered the body in the trash can.

Cheser was charged with murder. The case proceeded to trial before a jury. The jury was instructed on intentional murder, wanton murder, first-degree manslaughter, second degree manslaughter and reckless homicide. Cheser asked for a mistake of fact defense instruction on the basis that she reasonably believed that the baby was dead at birth. The circuit court refused to provide this instruction. The jury found Cheser guilty of manslaughter I. She waived jury sentencing, and the court sentenced her to ten-years imprisonment. The court however probated the sentence for five years with an alternative sentence of 365 days in the Jefferson County Jail with releases for vocational school, probation office visits, community service and counseling. Cheser subsequently brought this appeal.

Cheser on appeal contends that the circuit court erred by not providing the jury with instructions on the misdemeanor, concealing the birth of an infant and the statutory defense, mistake of fact. She maintains that the evidence presented supported both instructions. We will first address the mistake of fact defense instruction.

The mistake of fact defense is provided for in Kentucky Revised Statute (KRS) 501.070.

(1) A person's ignorance or mistake as to a matter of fact or law does not relieve him of criminal liability unless:

(a) Such ignorance or mistake negatives the existence of the culpable mental state required for commission of an offense; or

(b) The statute under which he is charged or a statute related thereto expressly provides that such ignorance or mistake constitutes a defense or exemption; or

(c) Such ignorance or mistake is of a kind that supports a defense of justification as defined in this Penal Code.

(2) When ignorance or mistake relieves a person of criminal liability under subsection (1) but he would be guilty of another offense had the situation been as he supposed it was, he may be convicted of that other offense.

KRS 501.070.

Our review of Kentucky case law has produced no cases that have specifically addressed the mistake of fact defense and whether the jury must be instructed regard-

ing this defense, however other cases have addressed the requirement to instruct on other statutory defenses such as intoxication and insanity. Generally it is the trial court's duty to instruct the jury on the whole law of the case. *Cannon v. Commonwealth*, Ky., 777 S.W.2d 591, 593 (1989); Kentucky Rule of Criminal Procedure (RCr) 9.54(1). It is also the duty of the trial court by instructions to give the accused the opportunity for the jury to determine the merits of any lawful defense which he or she has. *Id.; Sanborn v. Commonwealth*, Ky., 754 S.W.2d 534, 550 (1988). Further, in general where a defendant proves facts or circumstances to excuse his or her act which would otherwise in and of itself be a crime, or the specific issue is one of criminal intent such as mental capacity, an affirmative instruction should be given. *Grigsby v. Commonwealth*, 299 Ky. 721, 187 S.W.2d 259, 261 (1945).

 For example, KRS 501.080 provides that intoxication is a defense to a criminal charge if the intoxication negates the existence of an element of the offense. *See McGuire v. Commonwealth*, Ky., 885 S.W.2d 931 (1994); *Jewell v. Commonwealth*, Ky., 549 S.W.2d 807 (1977). In addressing this defense, the Kentucky Supreme Court has held that the difference between the statutory defenses and a simple denial by the defendant that he committed one or more of the essential elements of the crime is that when the statutory defense is raised, it requires an instruction calling it to the attention of the jury. *Id. See also Parido v. Commonwealth*, Ky., 547 S.W.2d 125, 127–28 (1977). Such an instruction should be stated within the statutory framework. *McGuire v. Commonwealth*, 885 S.W.2d at 934.[1] A defense is so raised by the presentation of evidence from which a jury could reasonably infer that the intent element of the crime is excused, and that could justify a reasonable doubt of the defendant's guilt as the defendant did not

know what he or she was doing. *Jewell v. Commonwealth*, 549 S.W.2d at 812. *See also Cannon v. Commonwealth*, 777 S.W.2d at 593; *Sanborn v. Commonwealth*, 754 S.W.2d at 550. The sufficiency of the evidence in such situations is a question of law for the courts to determine on a case-by-case basis. *Jewell v. Commonwealth*, 549 S.W.2d at 812. The statutory defenses such as intoxication do not apply to lesser included offenses involving recklessness or wantonness. *McGuire v. Commonwealth*, 885 S.W.2d at 935.

 Several cases from other jurisdictions have held that the mistake of fact defense must be presented to the jury in a written instruction if the evidence presented so warrants. *See People v. Crane*, 145 Ill.2d 520, 165 Ill.Dec. 703, 585 N.E.2d 99 (1991); *Hoskins v. State*, 563 N.E.2d 571 (Ind.1990); *State v. Freeman*, 267 N.W.2d 69 (Iowa 1978); *People v. Rypinski*, 157 A.D.2d 260, 555 N.Y.S.2d 500 (N.Y.App.Div.1990); *State v. Snowden*, 7 Ohio App.3d 358, 455 N.E.2d 1058 (1982); *Bang v. State*, 815 S.W.2d 838 (Tex.Ct.App.1991). The mistake of fact defense negates the existence of the mental state, *i.e.*, with intent or knowledge, which is statutorily prescribed for the commission of an offense, and it is an abuse of discretion for a trial court not to give this instruction. *People v. Crane*, 165 Ill.Dec. at 706, 585 N.E.2d at 102; *State v. Snowden*, 7 Ohio App.3d at 362–63, 455 N.E.2d at 1065.[2] The mistake must be reasonable, and the act to be justified must be taken under a bona fide mistaken belief. *State v. Freeman*, 267 N.W.2d at 69. A defendant has a right to an instruction on this defense if it is raised by his own testimony. *Bang v. State*, 815 S.W.2d at 842. Failure to instruct the jury on this defense is not harmless if the defendant's conviction rested on a charge for which mistake was a defense (*i.e.*, mistake of fact makes it impossible to form the neces-

---

1. In *Jewell, supra*, and *McGuire, supra*, the Supreme Court stated that where intent is an element, the trial court should instruct the jury where the evidence so authorizes it, that if the defendant was so intoxicated that he or she did not know what he or she was doing, then he or she must be acquitted of that crime based upon the defense of intoxication.

2. In *Crane*, the defendant testified that he believed the victim was dead when he burned his body. The appellate court ruled that the trial court was required to instruct the jury on the mistake of fact defense.

sary intent), and there is evidence to support the defendant's theory. *People v. Crane,* 165 Ill.Dec. at 706, 585 N.E.2d at 102; *State v. Freeman,* 267 N.W.2d at 71; *State v. Snowden,* 7 Ohio App.3d at 362–63, 455 N.E.2d at 1065; *Bang v. State,* 815 S.W.2d at 842. A standard general instruction on intent is not sufficient to cover the mistake defense. *People v. Crane,* 165 Ill.Dec. at 706, 585 N.E.2d at 102; *State v. Freeman,* 267 N.W.2d at 69.

▆▆▆▆ In the instant case, Cheser was entitled to the mistake of fact instruction as she presented evidence that she believed her baby was dead at birth and that she had no intent to kill the infant. Based upon the above authorities, it was error to refuse to instruct on mistake of fact as to the intent crimes of intentional murder, first-degree manslaughter, and second-degree manslaughter. Mistake of fact is statutory and like intoxication must be given in an instruction for the jury so that it can consider the evidence and decide whether the mistake, if any, negated the necessary element of intent. General instructions and allowing counsel to argue mistake before the jury are not sufficient. In the case at bar, the failure to instruct on mistake was not harmless as Cheser was convicted of manslaughter I, a crime requiring specific intent. Therefore, we must reverse this case on this ground and remand for a new trial so that the trial court can properly instruct the jury. This instruction should be based upon the other statutory defense instructions, *i.e.,* intoxication. *See* William S. Cooper, *Kentucky Instructions to Juries,* § 11.30 at 622 (1993). The mistake of fact instruction must be individually given with each charged offense where intent is an element.

We next turn to Cheser's argument that the circuit court erred by not providing the jury with an instruction on the crime of concealing the birth of an infant. She contends that concealing the birth of an infant is a lesser included offense of murder, and therefore, an instruction was required. After carefully reviewing the record and the

law, we determine that this argument lacks merit.

KRS 530.030(1) provides, "A person is guilty of concealing the birth of an infant when he conceals the corpse of a newborn child with intent to conceal the fact of its birth or to prevent a determination of whether it was born dead or alive." The crime is a Class A misdemeanor. The commentary to KRS 530.030 states that it can be used as a substitute for murder or manslaughter in instances in which the fact of the childbirth is known, but decomposition of the fetus makes it impossible to establish beyond a reasonable doubt that the fetus had independent existence. Our research has revealed no Kentucky cases which have specifically addressed the current version of this law.[3]

▆▆▆▆ In general, when the Commonwealth adduces evidence warranting an inference of a lesser degree of a charged offense, the trial court should instruct on the lesser degree/lesser charged offense. *Wombles v. Commonwealth,* Ky., 831 S.W.2d 172, 175 (1992); *Commonwealth v. Collins,* Ky., 821 S.W.2d 488, 491 (1991). *See Luttrell v. Commonwealth,* Ky., 554 S.W.2d 75, 78 (1977). There must be some evidence to support the giving of a lesser included offense instruction; an instruction on a lesser included offense should not be given unless the evidence is such that a reasonable juror could doubt that the defendant is guilty of the crime charged but conclude that he is guilty of the lesser included offense. *Commonwealth v. Collins,* 821 S.W.2d at 491; *Luttrell v. Commonwealth,* 554 S.W.2d at 78.

KRS 505.020(2) states,

A defendant may be convicted of an offense that is included in any offense with which he is formally charged. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

---

3. Prior to the enactment of this statute, there was a statute prohibiting the concealment of an ille-

gitimate child.

(b) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

(c) It differs from the offense charged only in the respect that a lesser kind of culpability suffices to establish its commission; or

(d) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest suffices to establish its commission.

A charged offense necessarily includes an uncharged lesser offense if the lesser offense involves fewer of the same constituent elements than the charged greater offense so that the proof necessary to establish the greater offense will of necessity establish every element of the lesser offense. *Hart v. Commonwealth*, Ky.App., 768 S.W.2d 552, 553 (1989). *See also Luttrell v. Commonwealth*, 554 S.W.2d at 78. The critical question is whether each statute requires proof of an additional fact which the other does not. *Hart v. Commonwealth*, 768 S.W.2d at 553. A trial court is required to give instructions applicable to every state of the case covered by the indictment and deducible or supported to any extent by the testimony. *Commonwealth v. Collins*, 821 S.W.2d at 491. A determination of what issues to submit to the jury should be made based upon the totality of the evidence. *Id.* The decision whether or not to prosecute and what charge to file rests within the prosecutor's discretion. *Commonwealth v. Self*, Ky.App., 802 S.W.2d 940, 942 (1990).

▮ The circuit court correctly ruled that an instruction on concealing the birth of an infant was inappropriate in the case at bar. First, there was no probative evidence presented to support the instruction. There was absolutely no probable evidence that the baby was born dead; all of the medical evidence showed that the baby was born alive. The presence of air in the lungs and stomach, the small hemorrhages on the baby, and the conditions of the baby's neck all pointed to this fact. While Cheser may have believed

the baby was dead at birth, the evidence did not show that it was dead at birth. Second, concealing the birth of an infant is not a lesser included offense of murder/homicide. Different facts and elements are required to prove each crime. The commentary to KRS 530.030 clearly shows that this crime is not a lesser included offense of murder.

Finally, while our research has shown few cases from other jurisdictions addressing this issue, the Supreme Court of Minnesota in *State v. Kinsky*, 348 N.W.2d 319 (Minn.1984), was presented with a case almost identical to the case at bar.[4] The court ruled that the defendant was not entitled to an *instruction* on concealing a birth. The court found that the evidence showed that the infant was born alive and that the defendant caused its death. The court also held that the crime of concealing a birth was not a lesser included offense of murder since a person can commit murder without committing the crime of concealing a birth.

For the foregoing reasons, this case is reversed and remanded to the Jefferson Circuit Court for proceedings consistent with this opinion.

All concur.

---

**4.** In that case as well as in the instant case, the *young mother* claimed that her baby was dead at birth, and she disposed of the baby by placing it in a dumpster. She was charged with murder, and she claimed she was entitled to an instruction on concealing a birth.